## WARWICK DUKE v. THE STATE.

*No. 1278.    Decided December 18, 1895.*

1. **Aggravated Assault and Battery—Adult Male Upon Female—Information—Evidence.**

On a trial for aggravated assault, committed by an adult male upon a female, the means used in the commission of the offense may be proved, although they were not set forth in the information.

2. **Evidence.**

When a fact is not questioned and has been already abundantly proved, an error of the court in refusing to admit further proof of such fact would be wholly immaterial.

3.  **Declarations of Injured Party Res Gestæ—Impeached Witness—Supporting Evidence.**

On a trial for aggravated assault and battery, declarations made by the injured party, immediately after the whipping, are res gestæ. Where the attempt is made to impeach a witness by proof of contradictory statements, it is competent to support the witness by proof of similar declarations made by him soon after the transaction, whether such declarations were res gestæ or not.

4.  · **Same—Limiting and Restricting Evidence—Charge.**

Where evidence supporting the prosecuting witness has been admitted in a misdemeanor case, a failure of the charge to limit and restrict the purpose of its admission will not constitute reversible error, in the absence of requested instructions upon the subject.

5.  **Alibi—Conflicting Evidence—Practice on Appeal.**

Where evidence as to an alibi is conflicting, the court, on appeal, will not disturb the judgment, there being sufficient evidence to support the verdict.

APPEAL from the County Court of Shelby. Tried below before Hon. TOM C. DAVIS, County Judge.

This appeal is from a conviction for aggravated assault and battery by an adult male upon a female, the punishment assessed being a fine of $25.

The evidence was conclusive as to the fact the prosecutrix, Lucy Williams, was whipped on the night of the 11th of September, 1895, between 9 and 10 o'clock P. M.

Parties heard her hollowing, and went towards her house, and when they met her she told them she had been whipped by defendant and another party. Dr. Swearingen, who examined her, the next morning, and found bruises upon her person, testified, "that she had got a genteel whipping from some one."

Defendant was a practicing physician. He testified in his own behalf; denied that he had whipped Lucy Williams, or had even seen her on the night of the 11th of September. The defense was an alibi, and the evidence as to this defense was conflicting.

*E. B. Wheeler* and *Drury Field*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for an aggravated assault and battery; hence the appeal. This information charges an aggravated assault and battery by an adult male upon a female, and is in every particular sufficient. In testifying to the assault and battery, the prosecutrix was permitted to state the means used in making it, to-wit: a whip and board. Appellant objected to this evidence, because the information had not set forth the means. The objection was properly overruled. We do not desire to discuss this question, the grounds of aggravation being that the assault and battery were committed by an adult male upon a female, and not with a deadly weapon. Appellant proposed to prove that when he left the Methodist Church, on the night of the alleged battery, he stated that he was going to his grandfather's. He further offered to prove that he made the same statement when he

left his mother's residence, on the same night.  We might suppose that this was offered to prove that he did go to his grandfather's on that night.  It could have served no other purpose in so far as the record discloses.  That he did go to his said grandfather's on that night is abundantly proved, and not questioned.  Whether the court erred or not is wholly immaterial under the facts of this case.  The prosecutrix lived within a few hundred yards of the church and the residence of appellant's mother.  The theory of the State is that, after leaving the church, he went to the house of the assaulted woman, and gave her the whipping.  This theory is entirely consistent with the fact that he afterwards went to his grandfather's.  Over the appellant's objection, the State proved by several witnesses that the prosecutrix, immediately after receiving the whipping, stated that appellant and another had whipped her that night.  When this evidence was received, it was not admissible, unless res gestæ.  But appellant rendered it competent by proving that she, on the morning following the assault, stated to E. B. Wheeler that she did not know who it was with Pink Parker at the time of said assault, thus attempting to show contradictory statements made by the witness.  Under this state of the case, the State had the right to prove that the witness had, soon after the transaction, stated that the appellant was one of the parties who had assaulted her.  See the following case for a discussion of this question:  Williams v. State, 24 Tex. Crim. App., 637.  We are discussing this question upon the theory that the evidence was not res gestæ.  If res gestæ, is clearly admissible.  If not, then it was rendered admissible by the attack upon the witness in the manner above indicated.  Appellant did not request a charge to the effect that this evidence could only be used for the purpose of supporting the evidence of the prosecuting witness.  This being a misdemeanor, charges of this nature must be requested.  Loyd v. State, 19 Tex. Crim. App., 321.  We are of the opinion, however, that the statements of this witness, as presented by this record, were res gestæ, and admissible as such.  The evidence of alibi is not of such character as to render it improbable that appellant was at the place of the offense.  If it were, it simply presents a conflict of testimony, which was solved in favor of the State.  The evidence is sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*