EUGENE HOYLE v. THE STATE.

No. 1103.     Decided April 5, 1911.

Rehearing Denied May 10, 1911.

1.—Aggravated Assault—Recognizance—Reinstatement.

Where appellant's recognizance did not show that he had been convicted of any offense in the court below, the appeal must be dismissed; however, appellant having filed a proper recognizance, the case may be heard on its merits.

2.—Same—Charge of Court—Requested Charges—Practice on Appeal.

In trials of misdemeanors it is necessary in the event the court's charge

is objected to, to except thereto and request and present a special instruction, and if this is not done the charge of the court below can not be reviewed on appeal.

**3.—Same—Sufficiency of the Evidence.**

Where the evidence sustained a conviction for an aggravated assault, there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was charged with the offense of making an aggravated assault on Lula Canton. Upon a trial he was convicted and his punishment assessed at a fine of $25, from which judgment he appeals.

The Assistant Attorney-General moves to dismiss this appeal on account of the insufficiency of the recognizance. The recognizance does not show that defendant had been convicted of any offense, and not being within the terms of the statute, the motion is sustained.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

May 10, 1911.

HARPER, JUDGE.—At a former day of this term this case was dismissed because of the insufficiency of the recognizance. Appellant has filed a motion to reinstate and presents a recognizance in compliance with law. The order dismissing the appeal is set aside and we will now consider the case on its merits.

The appellant in this case was charged with a misdemeanor in the County Court of Sabine County, and the rules of law applicable to misdemeanors on appeal apply in this case. Appellant requested no special instructions in the court below, and in his motion for a new trial appellant complains alone of the charge of the court: (1st) that the court failed to fully and properly charge the jury on the law of self-defense as applicable to this case, for the reasons alleged in the motion; (2d) that the jury should have been instructed that in cases where an adult male is charged with committing an assault upon a female his right of self-defense is not impaired by the fact that the alleged injured party is a female; (3d) that even though defendant was in the house of the person alleged to have been assaulted and had been told to leave the house, this would not impair his rights to defend himself against an assault made on him.

Even if we admit all these assignments well taken, appellant filed no written request for charges covering these phases of the case. The court charged that defendant had the right to defend himself against an assault made on him in general terms, and if appellant desired more specific instructions, in a case of the grade of misdemeanor, it is his duty to prepare and request such instructions, which will present his contention to the jury. This court in the case of Davidson v. State, 27 Texas Crim. App., 263, has held: "This prosecution being a misdemeanor, the defendant can not be heard to complain of an omission in the charge of the court, although such omission was excepted to, he having failed to request an instruction supplying such omission," and in Garner v. State, 28 Texas Crim. App., 561, it is said: "Defendant objected to the court's charge upon the reasonable doubt. This charge was not as definite as it should have been, but the defendant should not only have excepted to the same, but should also have asked such additional charge as was desired." In this case the charge on self-defense is not as full and explicit as it should have been, but no charge was requested by appellant, and as presented it is not such error as calls for reversal in a misdemeanor case. Loyd v. State, 19 Texas Crim. App., 322; Downey v. State, 33 Texas Crim. Rep., 381; Duke v. State, 35 Texas Crim. Rep., 283.

The only other ground in the motion is the allegation that the evidence is insufficient. If the testimony of Lula Canton is believed it shows an assault on her.

Judgment affirmed.

*Affirmed.*