HOYLE v. STATE.

(Court of Criminal Appeals of Texas. April 5, 1911. On Motion for Rehearing, May 10, 1911.)

1. BAIL (§ 55*) — APPEAL — RECOGNIZANCE — REQUISITES.

Failure of a recognizance on appeal to show that appellant has been convicted of any offense is a defect for which the appeal will be dismissed on motion.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 55.*]

On Motion for Rehearing.

2. CRIMINAL LAW (§ 1131*)—APPEAL—INSUFFICIENT RECOGNIZANCE—REINSTATEMENT OF APPEAL.

An appeal, dismissed for failure of the recognizance to show that accused was convicted of any offense, will be reinstated on motion accompanied by a sufficient recognizance.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1131.*]

3. CRIMINAL LAW (§ 825*)—INSTRUCTIONS—REQUESTS—NECESSITY.

In a trial for assault, an instruction on self-defense, stated in general terms, is sufficient, in the absence of request for a more specific instruction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2005; Dec. Dig. § 825.*]

Appeal from Sabine County Court; J. H. McGown, Judge.

Eugene Hoyle was convicted of aggravated assault, and he appeals. Affirmed.

Goodrich & Lewis, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The appellant in this case was charged with the offense of making an aggravated assault on Lula Canton. Upon a trial he was convicted, and his punishment assessed at a fine of $25, from which judgment he appeals.

[1] The Assistant Attorney General moves to dismiss this appeal on account of the insufficiency of the recognizance. The recognizance does not show that defendant had been convicted of any offense, and, not being within the terms of the statute, the motion is sustained.

The appeal is dismissed.

On Motion for Rehearing.

[2] At a former day of this term, this case was dismissed because of the insufficiency of the recognizance. Appellant has filed a motion to reinstate, and presents a recognizance in compliance with law. The order dismissing the appeal is set aside, and we will now consider the case on its merits.

[3] The appellant in this case was charged with a misdemeanor in the county court of Sabine county, and the rules of law applicable to misdemeanors on appeal apply in this case. Appellant requested no special instructions in the court below, and in his motion for a new trial appellant complains alone of the charge of the court: First, that the court failed to fully and properly charge the jury on the law of self-defense as applicable to this case, for the reasons alleged in the motion; second, that the jury should have been instructed that in cases where an adult male is charged with committing an assault upon a female his right of self-defense is not impaired by the fact that the alleged injured party is a female; and, third, that even though defendant was in the house of the person alleged to have been assaulted, and had been told to leave the house, this would not impair his rights to defend himself against an assault made on him.

Even if we admit all these assignments well taken, appellant filed no written request for charges covering these phases of the case. The court charged that defendant had the right to defend himself against an assault made on him in general terms, and if appellant desired more specific instructions, in a case of the grade of misdemeanor, it is his duty to prepare and request such instructions, which will present his contention to the jury. This court, in the case of Davidson v. State, 27 Tex. App. 263, 11 S. W. 371, has held: "This prosecution being a misdemeanor, the defendant cannot be heard to complain of an omission in the charge of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the court, although such omission was excepted to; he having failed to request an instruction supplying such omission." And in Garner v. State, 28 Tex. App. 562, 13 S. W. 1004, it is said: "Defendant objected to the court's charge upon the reasonable doubt. This charge was not as definite as it should have been, but the defendant should not only have excepted to the same, but should also have asked such additional charge as was desired." In this case the charge on self-defense is not as full and explicit as it should have been; but no charge was requested by appellant, and as presented it is not such error as calls for reversal in a misdemeanor case. Lloyd v. State, 19 Tex. App. 322; Downey v. State, 33 Tex. Cr. R. 381, 26 S. W. 627; Duke v. State, 35 Tex. Cr. R. 283, 33 S. W. 349.

The only other ground in the motion is the allegation that the evidence is insufficient. If the testimony of Lula Canton is believed, it shows an assault on her.

Judgment affirmed.