## MAT FIELDS v. STATE.

### No. 1275. Decided June 21, 1911.

### Rehearing denied October 11, 1911.

**1.—Aggravated Assault—Continuance—Bill of Exceptions.**

Where no bill of exceptions was reserved to the action of the court in overruling a motion for continuance, the matter could not be revised on appeal. Following Trevino v. State, 38 Texas Crim. Rep., 64, and other cases.

**2.—Same—Bill of Exceptions—Charge of Court—Misdemeanor.**

In misdemeanor cases a bill of exceptions must be reserved to the refusal of the court to give a requested instruction. Following Hoyle v. State, 62 Texas Crim. Rep., 297.

**3.—Same—Charge of Court—Motion for New Trial.**

Complaints to the charge of the court contained in the motion for new trial can not be considered on appeal in a misdemeanor case, unless an exception thereto has been reserved at the proper time.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The witness upon whom the alleged assault was made testified that

while she was returning home with her escort from a social gathering at night, the defendant overtook them and remarked, "Look here, woman, you are going to get your head cut off tonight"; that the prosecutrix walked on with her escort, the defendant following, seemingly trying to go with prosecutrix without her consent; that when they got close to home of prosecutrix, who still refused to go with defendant, the latter called her a damned whorish bitch; that he then fell back behind the party, but caught up again, when prosecutrix said to him: "Mat, you called me something mama and papa don't call me," whereupon defendant cut prosecutrix with a knife and ran away.

Counsel contended that an exception to the court's ruling in refusing to grant the continuance could be reserved in the minutes of the court; that it was not necessary that a separate bill of exceptions must be made and reserved.

*William H. Hanson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted charged with making an aggravated assault on a woman. He was convicted, and his punishment assessed at a fine of $50.

The first ground in the motion for a new trial is that the court erred in overruling appellant's application for a continuance. No bill of exceptions was reserved to the action of the court, and in an unbroken line of authorities this court has held that unless a bill of exceptions was saved during the term to the overruling of the application for continuance, the matter will not be revised on appeal. Trevino v. State, 38 Texas Crim. Rep., 64; Kelly v. State, 36 Texas Crim. Rep., 480; Blackshire v. State, 33 Texas Crim. Rep., 160.

Neither was there a bill of exceptions reserved to the refusal of the court to give a special instruction requested. This is a misdemeanor case, and a bill of exceptions must be reserved, or this court will not consider it on appeal. Hoyle v. State, 62 Texas Crim. Rep., 297, 137 S. W. Rep., 355, and authorities there cited.

The charge submitting the offense alleged in the indictment, no exception being reserved to any portion thereof, complaints of the charge contained in the motion for a new trial in a misdemeanor case can not be considered by us. Bradly v. State, decided at this term of the court, and authorities there cited.

The only ground assigned in the motion is the insufficiency of the testimony to sustain the conviction. If the jury believed the testimony of the witness Daisy Allen, the testimony authorized the conviction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 11, 1911.—Reporter.]