## No. 2536.

## WILLIAM DAVIDSON *v*. THE STATE.

1. OCCUPATION TAX.—An employe who follows the occupation of selling inhibited liquors when the tax imposed by law has not been paid is, equally with his principal, amenable to article 110 of the Penal Code.
2. SAME—PENALTY—CHARGE OF THE COURT.—The minimum punishment for pursuing an occupation taxed by law without having first obtained necessary license, is a fine of not less than the tax imposed upon such occupation. And as the license of a retail liquor dealer can not issue for a shorter period than one year, the minimum punishment for the violation of the said article 110 is a fine in the full amount of one year's tax upon such occupation. The charge of the court so defining the penalty, it was correct.
3. SAME—PRACTICE—Failing to request instructions to supply omissions in the charge of the court, the defendant in a misdemeanor case can not be heard to complain of such omissions, notwithstanding he may have excepted to the same.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. Gustave Cook.

The conviction was for following the occupation of a retail liquor dealer, without having first paid the tax levied by law

on such occupation, etc. The penalty assessed against the appellant was a fine of four hundred and fifty dollars.

The proof showed that Alfred Sterne owned the Globe saloon in Houston, in which saloon intoxicating liquors were sold by the drink, and that said Sterne had never paid the tax levied on the occupation of selling said liquors, nor obtained license to pursue the same; that the defendant was merely employed as a bar tender in that saloon; that as bar tender he had nothing to do with the procuring of license or payment of taxes, and that as such bar tender he sold said liquors at retail, and, acting for Sterne, he received pay for the same.

*W. H. Crank,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. An employe who follows the occupation of selling inhibited liquors when the occupation tax has not been paid, violates article 110 of the Penal Code, and is subject to prosecution and punishment therefor equally with his principal. (LaNorris v. The State, 13 Texas Ct. App., 33; Tardiff v. The State, 23 Texas, 169.)

For pursuing an occupation taxed by law without first obtaining a license therefor, the minimum punishment is a fine of not less than the taxes imposed upon such occupation. (Penal Code, art. 110.) Upon the occupation of retail liquor dealer, the taxes imposed are for a whole year, and can not be for a shorter period of time. (Sayles's Civ. Stats., arts. 4666, 4668.) It follows, therefore, that upon a violation of article 110 of the Penal Code by pursuing the occupation of retail liquor dealer, the minimum punishment is the full amount of one year's taxes upon said occupation. (Fahey v. The State, ante, 146.) There was no error in the charge of the court as to the punishment.

This prosecution being for a misdemeanor, the defendant can not be heard to complain of an omission in the charge of the court, although such omission was excepted to, he having failed to request an instruction supplying such omission. (Willson's Crim. Stats., sec. 2363.)

There is no error in the conviction, and the judgment is affirmed.

*Affirmed.*