## C. W. Needham v. The State.

No. 3908.    Decided February 20, 1907.

1.—Occupation Tax—Constitutional Law—Class Legislation—Statutes Construed—Wholesale—Retail.

Under a prosecution based upon subdivision 3 of article 5049 of the Revised Civil Statutes providing for an occupation tax on salesmen of patent or other medicines, and exempting salesmen of wholesale drug houses, where the evidence showed that the defendant, a traveling salesman for a wholesale house sold at retail. Held, that defendant was not protected under the exemption and was subject to the occupation tax, and that the act is not violative of the constitution as class legislation. Davidson, Presiding Judge, dissenting.

2.—Same—Information—Negative Averments.

Where in a prosecution based upon article 5049, subdivision 3, Revised Statutes, the information undertook to set out all of the negative averments but failed to allege that defendant was not a salesman making sales, which is a part of the proviso, the same was fatally defective.

3.—Same—Levy of Tax—Want of Proof.

Where in a prosecution for failing to pay occupation tax the information alleged that a tax of $50 had been levied by the commissioners court, but the record failed to show proof that the county had levied any occupation tax as alleged, the conviction could not be sustained.

Appeal from the County Court of Parker. Tried below before the Hon. R. L. Stennis.

Appeal from a conviction of failing to pay occupation tax; penalty, a fine of $150.

The opinion states the case.

McRae & Lumpkins, for appellant.—An information, based upon a statute imposing an occupation tax upon a certain class of subjects, and in the body thereof contains certain exceptions, which would eliminate the person charged from the payment of such occupation tax, is fatally

defective if it fails to negative such exceptions.   Rev. Stats., art. 5049, sub-div. 3; Williamson v. State, 55 S. W. Rep., 568–570; Potts v. State, 74 S. W. Rep., 31; Rice v. State, 37 Crim. Rep., 36.

A statute which imposes an occupation tax upon a certain class of subjects, and exempts from the payment of such tax, any occupation within the same class so taxed, is in violation of the Constitution of Texas.   Pullman Car Co. v. State, 64 Texas, 274; Ex parte Jones, 43 S. W. Rep., 513; Poteet v. State, 53 S. W. Rep., 869; Ex parte Overstreet, 46 S. W. Rep., 825.

*F. J. McCord,* Assistant Atorney-General, for the State.—The State submits, under this state of facts, that the Waxahachie Medicine Company was not a wholesale drug company; while it may have carried on its business under that name, and held itself out as a wholesale company, still when it entered the retail field, it became a retail concern: regardless of the fact that it called itself a wholesale firm.

A wholesale dealer is one whose business is the selling of goods in gross to retail dealers, and not by the small quantity or parcel to consumers thereof.   State v. Lowenhaupt, 79 Tenn., 13; Webb v. State, 79 Tenn., 662.

A wholesale dealer in spirituous liquors is one who makes and sells to purchasers packages or quantities for the purpose of trade or being resold.   State v. Tarver, 79 Tenn., 658.

DAVIDSON, PRESIDING JUDGE.—There are two very interesting questions suggested for revision, which we deem unnecessary to consider. The first of these is the motion to quash the information, and the second, an attack upon the law as being unconstitutional in that it was violative of sections 1 and 2, article 8 of the State Constitution, and discriminating in its nature.   That portion of article 5049 alleged to have been violated is subdivision 3 of said article imposing a tax upon peddlers of patent medicines.   The proposition upon which this judgment will be reversed is want of sufficient evidence to support the conviction.   In other words, the evidence shows that appellant did not violate the law but was following his business strictly within its terms.   The facts show that appellant was a salesman making sales for the Waxahachie Medicine Company; that this company was engaged in the sale of drugs and medicines by the wholesale; that its location was in Waxahachie, Ellis County, Texas; that appellant owned no interest in the concern or in the goods which he carried and sold; that he was simply their representative or salesman making sales and delivering the goods, and that said company had paid the tax imposed upon it as such as was required by law.   This brings appellant squarely within the exemption mentioned in the statute, which exempts salesmen making sales for wholesale drug houses.   Under article 5049, Revised Statutes, sub-division 3, a salesman making sales for a wholesale drug house is exempt from paying the tax.   Appellant was making a sale for a wholesale drug house

or drug company, and within the terms of that law he was prosecuted for violation of subdivision 3, article 5049. Inasmuch as the judgment will be reversed for want of facts to support the conviction, we deem it unnecessary to discuss and decide the other questions.

The judgment is reversed and the case remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

#### April 17, 1907.

HENDERSON, JUDGE.—This case was reversed at the Dallas Term on the proposition that the evidence did not sustain the conviction. In other words, that the proof showed that appellant in making sales sold for a wholesale house in Waxahachie, and was not amenable to the statute. The Assistant Attorney-General controverts this position and insists that the testimony against appellant brings him within the statute. On a more careful consideration we believe that we were in error in our construction of the law in the original opinion. The conviction was under subdivision 3 of article 5049 of the Revised Civil Statutes, which reads as follows: "From every traveling person selling patent or other medicine $100, and no traveling person shall so sell until said tax is paid, provided that this tax shall not apply to commercial travelers, drummers or salesmen making sales or soliciting trade for merchants engaged in the sale of drugs or medicines by the wholesale." As we construe this statute the exemption is in favor of the commercial traveler, the drummer, and the salesman making sales or soliciting trade for merchants engaged in the sale of drugs or medicines by the wholesale. This does not exempt either of the classes named from the tax if they sell at retail although they represent a wholesale house. The proof here shows that appellant represented a wholesale house but he did not sell by wholesale but made his sales by retail; that is, he was a traveling person selling medicine at retail but for a wholesale house. The exemption, we take it, is in favor of a wholesale house making sales as a wholesale house to retail dealers, and it was not intended to exempt persons selling at retail for a wholesale house. If the construction is true, which appears to be our original interpretation of the statute, then the law would be inimical to the constitution, which inhibits class legislation as to subjects of taxation. The construction we now place upon the law renders every traveling person selling patent or other medicines, whether he represents himself or some other person, and whether he represents a retail or a wholesale house, if he sells at retail, liable to the tax, and so the act is not violative of the constitution as class legislation; that is, all traveling persons doing the same thing, that is, selling patent or other medicines by retail, are amenable to the tax. The other construction which we heretofore placed upon the act would be class legislation, as it would permit one person to do, without being taxed, the same thing for which another would be taxed.

However, there are other questions in this case which must reverse it. The information based, as heretofore stated, on article 5049, subdivision 3, undertook to set out all of the negative averments but failed to allege that appellant was not "a salesman making sales." This is a part of the proviso and is as much a negative averment as the other portions thereof, and should have been set out in the information. Furthermore, the record fails to show that the County of Parker had levied any tax upon this occupation. The information alleges that a tax of $50 had been levied by the commissioners court and the judgment is for $150, which includes both State and county taxes. Of course, in the absence of some proof that such tax had been levied by the commissioners court, the judgment cannot be sustained.

The motion for rehearing is accordingly overruled, and in accordance with this opinion the judgment is reversed and remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I concur with my brethren in reversing the judgment on the motion for rehearing, but adhere to the former opinion in the case holding that appellant, under the facts, is not within the purview of article 5049 of the Revised Statutes, subdivision 3 of said article. That subdivision in full is as follows: "Peddlers of Patent Medicines: From every traveling person selling patent or other medicines, one hundred dollars; and no traveling person shall so sell until said tax is paid: Provided, that this tax shall not apply to commercial travelers, drummers, or salesmen making sales, or soliciting trade for merchants engaged in the sale of drugs, or medicines by the wholesale," and an inspection of said subdivision 3 shows that it was intended to tax peddlers of patent or other medicines and to prohibit them from selling until the tax was paid. From its provisions, however, were exempted commercial travelers, drummers, and salesmen making sales or soliciting trade for merchants engaged in the sale of drugs or medicines by the wholesale. It makes no distinction in regard to salesmen making sales as to amount or quantity; it exempts him absolutely from the provisions of the law if he is making sales for a wholesale merchant, or if he is soliciting trade for said merchant. If a party should solicit a small order from a customer and the order is filled, there would be no question that the salesman or the solicitor would be exempt, but my brethren hold that, in order to exempt him, he must be making sales by the wholesale. It will be hardly questioned, in my judgment, under the term "salesmen making sales" a party is meant or included who sells and delivers the goods at the time of the contract; in other words, that he carries the goods with him, makes the sale and delivers them. If the construction is right, as insisted by my brethren, that it would be necessary for him to sell by the wholesale, then he would have to carry goods in wholesale quantities with him about the country in making sales and delivering the goods. Such was clearly not the intention of the Legislature. This act applies only to peddlers,

and this only, as I understand it, means parties sent out by wholesale merchants with the goods to be sold and delivered by the salesman making the sales. I adhere to the former opinion, and think it is correct, and in support of this proposition cite Potts v. State, 45 Texas Crim. Rep., 45; Saulsbury v. State, 43 Texas Crim. Rep., 90; Emmons v. Lewistown, 22 Am. St. Rep., 540, and Emert v. Missouri, 156 U. S., 296. In construing a statute, it must be taken into consideration the object and purpose of the statute as shown by its wording, and it is clearly the purpose of the Legislature in enacting this statute to exempt all "salesmen making sales" for wholesale drug houses, and this, of course, contemplates that the parties will carry the goods with them when the language, context and purpose of the statute is taken into consideration. It was hardly the purpose, or intended by the Legislature, to make a "salesman making sales" a wholesale salesman carrying goods in wholesale quantities about the country with him for contract and delivery. I agree to the conclusion reached on the two propositions discussed by my brethren in the opinion granting the rehearing, but believe the original opinion is also correct, and I file this as my dissent from their construction of the statute in holding that the former opinion was not correct.