### J. L. Huffman v. The State.

#### No. 4371. Decided January 20, 1909.

**1.—Occupation Tax—Information—Pleading—Peddler.**

In a prosecution for unlawfully pursuing the occupation of a traveling person, selling patent and other medicine, where the information failed to negative one of the exceptions in the inacting clause of the law, to wit: that defendant was not a salesman making sales, the same was fatally defective. Following Needham v. State, 51 Texas Crim. Rep., 248.

**2.—Same—Constitutional Law.**

Subdivision 3 of article 5049, of the Revised Civil Statutes, providing for an occupation tax upon peddlers, etc., of patent medicines, etc., is constitutional. Following Needham v. State, 51 Texas Crim. Rep., 248.

Appeal from the County Court of Collin. Tried below before the Hon. John Church.

Appeal from a conviction of pursuing occupation without license, etc.; penalty, a fine of $150.

The opinion states the case.

*Farrar, McRae & Pierson,* for appellant.—Cases cited in opinion. A statute which imposes an occupation tax upon a certain class of subjects, and exempts from the payment of · such tax any occupation within the same class so taxed, is in violation of the Constitution of Texas. Pullman Car Co. v. State of Texas, 64 Texas, 274; Ex parte Jones, 38 Texas Crim. Rep., 482, 43 S. W. Rep.,

513; Poteet v. State, 41 Texas Crim. Rep., 268; 53 S. W. Rep., 869; Ex parte Overstreet, 39 Texas Crim. Rep., 474; 46 S. W. Rep., 825.

A peddler is an itinerant *vendor* of goods, who *sells* and delivers the goods carried by him, and is therefore within the same class as a traveling "salesman making sales." Potts v. State, 45 Texas Crim. Rep., 45; 74 S. W. Rep., 31; Emert v. Missouri, 156 U. S., 296.

A "sale" is a contract, founded on a money consideration, by which the absolute, or general property in the subject matter of sale is transferred from the seller to the buyer. Woods v. Half, 44 Texas, 634; Allen v. Melton, 64 Texas, 218; Gay v. Hardeman, 31 Texas, 250; 21 Am. & Eng. Enc. of Law, 446; 28 Am. & Eng. Enc. of Law, 68.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This judgment must be reversed and dismissed for the reason that the affidavit and information fail to negative one of the exceptions in the enacting clause in the law under which appellant is charged. Subdivision 3 of article 5049 of the Revised Civil Statutes, is as follows: "Peddlers of Patent Medicines: From every traveling person selling patent, or other medicines, one hundred [one hundred and seventy-five] dollars, and no traveling person shall so sell until said tax is paid; provided, that this tax shall not apply to commercial travelers, drummers, or salesmen making sales, or soliciting trade for merchants engaged in the selling of drugs, or medicines by the wholesale." In the affidavit and information it is averred "He, the said J. L. Huffman, not then and there being a commercial traveler, drummer, or salesman soliciting trade for merchants selling drugs or medicines by the wholesale." It omits the words, "or salesmen making sales." This precise question was decided in the case of Needham v. State, 51 Texas Crim. Rep., 248. See Rev. Stat., art. 5049, sub. 3; Rice v. State, 37 Texas Crim. Rep., 36; Williamson v. State, 55 S. W. Rep., 568-570; Potts v. State, 45 Texas Crim. Rep., 45; 74 S. W. Rep., 31. This, it may be stated, is the rule of common law from a very early period and is supported by an unbroken line of decisions in this State.

2. Counsel for appellant in the argument urged us to decide the question as to whether or not the law is constitutional. On motion for rehearing in Needham v. State, supra, Judge Henderson, speaking for the court, held that this law is constitutional, and that it did not exempt either of the classes named from the tax if they sell at retail, although they represent a wholesale house. Judge Davidson, however, took a different view of the question as will be noted by his dissenting opinion appearing in the official report of the case. It occurs to us that the reasoning of Judge Henderson is

sound and gives the proper interpretation and construction of the statute. We deem it unnecessary to elaborate this view or to do more than to affirm the decision in the Needham case.

For the reason that the affidavit and information charge no offense against the law, the judgment of conviction is set aside, and the prosecution dismissed.

*Reversed and dismissed.*