## T. S. CAMP v. THE STATE.

### No 961.    Decided February 15, 1911.

#### Rehearing Denied March 15, 1911.

**1.—Occupation Tax—Lightning Rods—Dealer—Canvasser.**

Where, upon trial of pursuing the occupation of canvassing for the sale of lightning rods without having paid the tax due thereon, defendant showed he had paid the dealer's tax, this was no defense and he was not authorized to pursue the occupation of making sales by canvassing; to give this construction to the statute would render it unconstitutional. Following Ex Parte Overstreet, 39 Texas Crim. Rep., 468; 46 S. W. Rep., 825, and other cases.

**2.—Same—Dealer—Canvasser—Case Stated.**

Where, upon trial of pursuing the occupation of a canvasser for the sale of lightning rods, the evidence showed that the defendant had his office in town where he conducted the business of dealer in lightning rods, and that he would also go over the county soliciting orders for the sale of lightning rods, he could not plead his license as a dealer in defense of not having paid the tax and secured his license as a canvasser, as they are two different occupations

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of unlawfully pursuing the occupation of trying to sell lightning rods; penalty, a fine of $150.

The opinion states the case.

*Walker & Baker,* for appellant.—On the question that defendant was a dealer and not a canvasser: Camp v. State, 61 S. W. Rep., 401; 1 Words and Phrases, 951.

On the qestion of the difference between dealer and canvasser: State v. Willingham, 52 L. R. A., 198; St. John v. New York, 201 U. S. Rep., 633; Chicago v. Bowman Dairy Co., 234 Ill., 294; Kloss v. Com., 49 S. E. Rep., 655; Shiff v. State, 84 Ala., 454; Nashville v. Althorp (45 Tenn.), 5 Coldwell, 554; Burr v. City of Atlanta, 64 Ga., 225; Love v. State, 31 Texas Crim. Rep., 469, 20 S. W. Rep., 978; Snyder v. Closson, 50 N. W. Rep., 678; Newport v. Fitzer, 115 S. W. Rep., 742; Bell v. Watson, 71 Tenn., 328; Eastman v. Chicago, 79 Ill., 178; Egan v. State, 68 S. W., Rep., 273.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant had an information filed against him in the County Court of Johnson County, Texas, charging him with pursuing the occupation of canvassing for the sale of lightning rods without having paid the tax due the State and county as such canvasser. Upon a trial he was convicted and fined the amount of the State and county tax. He filed a motion for a new trial, the sole ground being, "that the uncontradicted evidence shows that the defendant has paid an occupation tax as dealer in lightning rods in Johnson County, and that all acts relied on by the State as showing

the defendant guilty of pursuing the occupation of canvasser of lightning rods were done in pursuance of his business as dealer; that in order to deal in lightning rods it was necessary for him to make sales, and the law applying to dealers of lightning rods does not prescribe the method by which they must sell such rods, whether at a fixed place of business or by solicitation in different parts of the county," and having paid the dealer's tax he is not liable to pay the tax as a canvasser.

The undisputed testimony shows that defendant was doing business under the name of Pittsburg Lightning Rod Co. He testified that the headquarters were in a livery stable building owned by him in the city of Cleburne, in Johnson County, and consisted of a stable down stairs, where were kept a number of horses and wagons for use in the lightning rod business, and an office up stairs, where the lightning rod books were kept by a bookkeeper employed for that purpose. A stock of lightning rods were kept in the stable. No sale was ever made at the office. Defendant would go out over the county soliciting orders and making sales of lightning rods. If he had the rods with him he would put them up at the time of making the sale and make settlement then and there. If he did not have the rods with him he would take an order addressed to himself, and when he went into his office he would send one of his employes out with the lightning rods to put them up at such places as he had taken orders, and when erected the employe would make settlement and bring to the office in Cleburne the notes taken or money paid. He admits canvassing for the sale of rods, but insists that as he sold no rods for anyone but himself, that under his license as dealer he had the right to canvass the county, and would not be liable for the tax levied on canvassers. This necessarily calls for a construction of subdivision 35 of chapter 18 of the Acts of the Special Session of the Twenty-fifth Legislature, which reads as follows:

Sub. 35. "From every person, firm or association of persons dealing in lightning rods, an annual tax of thirty-six dollars to the State and eighteen dollars as county tax to the county in which such business is carried on; and upon every person canvassing for the sale of lightning rods, an annual tax of one hundred dollars to the State and fifty dollars as county tax, in each county in which such canvassing is done."

Having paid the dealer's tax, appellant contends that he would be authorized to follow the business of canvassing in making sales of the rods. To give this construction to the statute would render it unconstitutional. In the case of Ex parte Overstreet, 39 Texas Crim. Rep., 468, 46 S. W. Rep., 825, Judge Hurt holds: "A merchant who paid an occupation tax of $3, where his purchases were less than $2000, and $300 where they were $750,000 or more, was not to pay a special license required of peddlers of $250 to the State and $100 in the county for sales made at his place of business, or in the county where he was located; since that gave a merchant the right to peddle anywhere in his county by paying less than $350 peddler's license, the imposition of

$350 upon a peddler for doing the same thing was a violation of the Constitution, article 8, sections 1 and 2, providing that taxation shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax."

If the proper construction of the statute is that a dealer, by paying the less tax, can pursue the occupation also of canvassing in making sales, yet one who is not dealer is compelled to pay the higher tax for canvassing in making sales, it would render the section unconstitutional, in that taxation would not be equal and uniform upon all persons canvassing for the sale of lightning rods, and no such construction should be given to the language used, unless that was evidently the intention of the Legislature, or the only construction of the words. And our courts have always held that when the construction of an Act admits of doubt, it should be construed in favor of its validity (Ex parte Rodriguez, 39 Texas, 705), and such construction should be given a law as would make it accomplish its different objects, and, at the same time, be most conformable to the different sorts of business existing in the State (Higgins v. Rinker, 47 Texas, 393). And in Potter's Dwarris on Stats., 144, it is said: "In the construction of a statute, every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible effect to each." And in the case of Galveston, etc., Ry. v. Gross, 47 Texas, 428, the court adopts the following language: "It is well-settled rule of construction that, when the language of a legislative Act is susceptible of two constructions, one in accordance with, the other in violation of the Constitution, the Legislature intended to use the language in a constitutional sense, and not in a sense that would violate the Constitution they were sworn to support." And Mr. Cooley, Const. Lim., 184, lays down the rule that courts, if possible, will give to the statute such a construction as will enable it to have effect. Bearing these rules of construction in mind, we can not conceive that the Legislature intended to give to the dealer the right to canvass, and thus render the whole section repugnant to the Constitution, and thereby levy a tax on no one. We think the Legislature intended to use the word "dealer" in the limited sense of one who buys and sells at his place of business, and levied on him only a nominal tax, while the person who by canvassing, and going from place to place, and point to point, should pay the higher tax. Having this view of the law, and believing it in conformity with the intention of the Legislature, we solve the doubt, if any, in favor of the constitutionality of the Act, and hold that under it one who pays the dealer's tax is not authorized to pursue the occupation of making sales by canvassing; but if he wishes to pursue that occupation he must pay the higher tax levied by the Legislature on canvassing. Affirmed.

*Affirmed.*

[Rehearing denied March 15, 1911.—Reporter.]