## J. P. SOUTH v. THE STATE.

No. 2597.   Decided June 27, 1913.

Rehearing denied January 7, 1914.

**1.—Occupation—Traveling Retail Peddler—Patent Medicine.**

Article 130, Penal Code, defining the offense of unlawfully pursuing and following the occupation or calling of a traveling retail peddler of patent medicines without paying the license tax therefor, and the Revised Statutes relating

thereto are constitutional. Following Needham v. State, 51 Texas Crim. Rep., 248, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully pursuing the occupation of a traveling retail peddler of patent medicines without license, the evidence sustained the conviction, there was no error.

**3.—Same—Complaint—Information.**

Where the complaint and information charging defendant with unlawfully pursuing the occupation of a traveling retail peddler of patent medicines without paying the tax required by law, etc., followed the statute, the same was sufficient.

**4.—Same—Constitutional Law—Occupation Tax—Classification.**

The Constitution expressly gives the Legislature power and authority to impose occupation taxes both upon natural persons and corporations, and recognizes that classes may be made for that purpose, and persons who travel around as peddlers may be differentiated from merchants who sell the same articles. Following Camp v. State, 61 Texas Crim. Rep., 229, and other cases.

**5.—Same—Definition of Offense—Statutes Construed.**

Under article 3, Penal Code, as it now stands, an offense is not required to be specially defined, but any act or commission may be made a penal offense without being specially defined, so that article 130, Penal Code, in connection with the Revised Civil Statutes prescribing what occupations may be taxed, etc., prescribes a penal offense and is constitutional. Following Ex parte Williams, 31 Texas Crim. Rep., 262, and other cases.

**6.—Same—Penalty—Commissioners Court.**

The law is not void because the penalty in part may be fixed by the Commissioners Court levying a tax of one-half of that of the State for the use of the county. Following Fahey v. State, 27 Texas Crim. App., 146, and other cases.

**7.—Same—Police Regulation—Revenue—Punishment for Debt.**

The failure to pay an occupation tax and take out a license therefor is an offense, whether regarded for revenue or for revenue and police regulation, and is not a punishment for debt.

Appeal from the County Court of Taylor. Tried below before the Hon. E. M. Overshiner.

Appeal from a conviction of unlawfully pursuing the occupation of a traveling retail peddler of patent medicines, etc.; penalty, a fine of $150.

The opinion states the case.

W. E. Ponder and R. N. Grisham, for appellant.—On question of unconstitutionality of Act: Pullman Palace Car Co. v. State, 64 Texas, 274; Poteet v. State, 53 S. W. Rep., 869; Ex parte Jones, 43 S. W. Rep., 513; Ex parte Overstreet, 46 S. W. Rep., 825; Ex parte Woods, 52 Texas Crim. Rep., 575; 108 S. W. Rep., 1171.

On question of definition of offense: Queen Insurance Co. et al. v. State, 24 S. W. Rep., 397; State v. Foster, 31 Texas, 578; Ex parte Bergen, 14 Texas Crim. App., 52.

On question of void penalty: Jannin v. State, 51 S. W. Rep., 1126; Texas & Pac. Ry. Co. v. McAffy, 84 S. W. Rep., 646.

On question that said tax is a revenue and not a regulation: Clegg

v̇. State, 42 Texas, 605; Carr v. State, 34 L. R. A., 634; Rosenbloom v. State, 57 L. R. A., 922; State v. Green, 27 Neb., 64; Hoover v. Engles, 88 N. W. Rep., 869.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was prosecuted and convicted under article 130, Penal Code, and article 7355 (5049), Revised Statutes of Texas, for unlawfully pursuing and following the occupation or calling of a traveling retail peddler of patent medicines, without paying the tax required by law and obtaining a license therefor, and fined $150.

Appellant attacks the law on which the prosecution was had and conviction secured as being unconstitutional. This court has so many times and in so many cases held the Act constitutional, that we deem it unnecessary to further discuss the questions or cite all the authorities, but see Needham v. State, 51 Texas Crim. Rep., 248; Huffman v. State, 55 Texas Crim. Rep., 145; Shed v. State, 70 Texas Crim. Rep., 10, 155 S. W. Rep., 524, and Branch's Criminal Law, section 693.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 7, 1914.

PRENDERGAST, PRESIDING JUDGE.—In the rush at the closing of our last term, we did not make a statement of the evidence in this case, nor did we then cite the authorities or discuss the questions presented in the case. In deference to appellant's motion for rehearing we now more fully state the case and questions raised and decide them. We think all the questions raised are so well settled and have so many times been discussed we deem it unnecessary to again discuss them to any extent herein.

The following is an agreed statement of the proof:

1. That by virtue of the laws of this State and an order duly made and entered by the Commissioners Court of Taylor County, Texas, there was levied for the year 1912, an annual occupation tax of $100 to the State of Texas and $50 to said county upon every traveling person selling patent or other medicines in said county.

2. That on December 15, 1912, and upon other dates during said year appellant was pursuing and following the occupation, calling and profession of a traveling person selling patent and other medicines in said county.

3. That at such times during said year he was not a traveler or salesman making sales or soliciting trade for a merchant or merchants engaged in the sale of drugs or medicines by the wholesale.

4. That at no time had he paid the tax aforesaid to either the State or said county.

5. That all druggists of said county are now selling and did sell at their regular places of business, but not as traveling persons, during the year 1912, and prior thereto, patent and other medicines such as were sold by him in said county and that said druggists or merchants are not required to pay any tax, State or county, for so doing, and that there are a great number of druggists in said county engaged in the sale of said patent and other medicine at their regular places of business and were so engaged in such sale during the year 1912, but not as traveling persons.

Our Constitution, article 8, section 1, among other things, provides: "It (the Legislature) may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State."

Section 2 provides: "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax."

Under this power and authority the Legislature of this State has practically all the time, and now levies occupation taxes upon certain classes of persons doing certain classes of business. Thereunder, article 7355 (5049) of our Revised Civil Statutes is: "Occupation taxes—There shall be levied on and collected from every person, firm, company or association of persons pursuing any of the following named occupations an annual occupation tax, except when herein otherwise provided, on every such occupation or separate establishment, as follows:

"Section 2. Traveling vendors of patent medicine.—From every traveling person selling patent or other medicines, one hundred dollars; and no traveling person shall so sell until said tax is paid; provided, that this tax shall not apply to commercial travelers, drummers or salesmen making sales, or soliciting trade for merchants engaged in the sale of drugs or medicines by wholesale."

Article 7357 (5050) expressly provides that the Commissioners Court of the several counties of this State shall have the right and power to levy for county revenue purposes, among other things, one-half of the occupation tax levied by the State upon all occupations not otherwise specially excepted.

Article 130, Penal Code, is: "Pursuing taxable occupations without license.—Any person who shall pursue or follow any occupation, calling or profession, or do any act taxed by law, without first obtaining a license therefor shall be fined in any sum not less than the amount of the taxes due and not more than double that sum."

The complaint and information in this case follow these statutes and are in full and complete compliance therewith.

As tersely stated by appellant, he attacks the constitutionality of the law under which this conviction was had, on four specific grounds, towit:

(a) That said Act is violative of the Texas Constitution, article 8, section 2, in that the same taxes peddlers of patent medicines and does

not tax merchants and druggists selling the same patent medicine in the same county.

(b)   Said offense, if any, is not defined by the Penal Code as provided by title 1, article 1, nor is it in compliance with article 3 of said Code, and is void as a penal statute.

(c)   Said statute is void as a penal statute because the penalty in part is dependable upon the action of the Commissioners Court of Taylor County whose action in assessing the tax under said article of the Civil Statutes above quoted, may or may not further penalize said occupation in a sum not less than fifty nor more than one hundred dollars. It being wholly optional with the Commissioners Court whether they shall levy the same for a given county or not, and said court not having power under the Constitution to enact penal laws or prescribe penalties.

(d)   That said Act and tax being for revenue and not regulatory and within the police power of the State, is a debt for which imprisonment is inhibited by the Texas Constitution.

We think neither of appellant's contentions is sound, either upon principle or authority, and that all of them have been correctly held against him.

·As to his first contention:   (a)   The said laws, in our opinion, are in strict conformity to and clearly within the express power and right given by our Constitution to the Legislature in sections 1 and 2, article 8, of our Constitution.   As shown above, section 1, article 8, of our Constitution expressly gives the Legislature power and authority to impose occupation taxes, both upon natural persons and corporations.   And section 2 clearly recognizes that *classes* may be made for the purpose of imposing occupation taxes 'and it requires only that such tax shall be equal and uniform upon the same *class of subjects*.   All the authorities, as we understand, establish the doctrine that classes not only may be made for the purpose of levying and collecting occupation taxes, but, as a matter of justice and right, classes should be made.   That there is a difference between a merchant who has an established place of business and conducts his business only therein, from a person who travels around over the county doing the same character of business, there can be no question, and such classification is reasonable and proper.   Camp v. State, 61 Texas Crim. Rep., 229; Fahey v. State, 27 Texas Crim. App., 146; 7 Ency. U. S. Rep., p. 877 and p. 879; Note to 15 Anno. Cas., 986; Ex parte Bradshaw, 70 Texas Crim. Rep., 166, 159 S. W. Rep., 260, and authorities there cited.   It is needless to collate the authorities on this proposition.

As to his second contention:   (b)   Our Penal Code, as adopted in 1856, expressly provided by article 3 that no person should be punished for an act or omission, unless the same was expressly defined and a penalty affixed by the written law.   Formerly our courts, in applying that article as it then was, held that certain offenses such as sodomy and fornication were not so defined and consequently not punishable.

Vol. 72 Crim.-25.

Later this article of the Code was changed so that since then and now an offense is not required to be defined, but any Act or omission may be made a penal offense, without being specially defined. The law in this case clearly comes within the latter article as it now is. See notes under article 3, Penal Code, Judge White's Ann. P. C. As expressly provided by article 6, Penal Code, not only the articles in the Penal Code can be looked to, but "other written law of the State" may and should be looked to. This court has always held that this law (article 130, P. C.) in connection with our Civil Statutes prescribing what occupations may be taxed and fixing the amount of the tax, and requiring payment thereof and a license before pursuing it, prescribe a penal offense and is constitutional. Langwille v. State, 4 Texas Crim. App., 312; Tonella v. State, 4 Texas Crim. App., 325; Carr v. State, 5 Texas Crim. App., 153; Thompson v. State, 17 Texas Crim. App., 253; Ex parte Williams, 31 Texas Crim. Rep., 262.

As to his third contention: (c) The law is not void as contended by appellant, because the penalty in part may be fixed by the Commissioners Court levying a tax one-half of that of the State for the use of the county. Fahey v. State, supra; Davidson v. State, 27 Texas Crim. App., 262; Roberson v. State, 42 Texas Crim. Rep., 595.

As to appellant's last contention: (d) That failure to pay an occupation tax and take out a license therefor, whether regarded as for revenue or for revenue and police regulation, can be made an offense, there can be no doubt. And the punishment therefor is not punishment for debt as is prohibited by our Constitution. See the cases of Langville, Tonella, Carr, Thompson and Williams, supra. See also the authorities cited in the original opinion.

The motion for rehearing is overruled.

*Overruled.*