**LOWERY, Tax Collector, v. ENGLISH et al. (No. 343.)**

Court of Civil Appeals of Texas. Eastland. Oct. 14, 1927.

Rehearing Denied Nov. 18, 1927.

1. Carriers ⬤⟾2—Statute requiring seating fee for busses and providing for fine held not repealed by shifting from Civil Statutes to Penal Code (Pen. Code 1925, art. 820).

Pen. Code 1925, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), requiring seating fee for busses and providing for fine for violating such section, was not repealed by shifting of section from Civil Statutes to Penal Code, which was made necessary in order to enforce penal provisions of section.

2. Statutes ⬤⟾241(2)—Civil duties imposed by Penal Code are just as binding as those imposed by Civil Statutes.

Civil duties imposed by an article of the Penal Code are just as binding as those imposed by Civil Statutes.

3. Statutes ⬤⟾38—Statute providing seating fee for busses, to be effective as registration measure and penal statute, need not be published in both Civil and Penal Codes (Pen. Code 1925, art. 820).

Pen. Code 1925, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), providing for seating fee for busses and making violation punishable by fine, to be effective as registration measure and as penal statute, need not be published in both Civil and Penal Codes.

4. Carriers ⬤⟾8—Tax collector, though civil officer, may refuse bus license for nonpayment of seating fee prescribed by Pen. Code 1925, art. 820.

In proceedings to enjoin collection of seating fee for busses provided for in Pen. Code 1925, art. 820, and for mandamus to compel

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tax collector to issue registration certificate and license seals to plaintiffs operating busses, conclusion that tax collector, being creature of Civil Statutes, had no right to demand seating fee, and could not refuse license on tender of all other fees provided for registration in Civil Statutes *held* erroneous.

**5. Statutes �kö2225—Penal Code imposing seating fee on busses is in pari materia and should be construed with Civil Statutes providing additional fees referred to in Penal Code (Pen. Code 1925, arts. 6, 820; Rev. St. 1925, arts. 6675, 6678).**

Under Pen. Code 1925, art. 6, providing that resort may be had to other written law of state in construing any article of the Code, article 820, providing for seating fee for busses, is in pari materia and should be construed together with Rev. St. 1925, arts. 6675, 6678, providing for additional fees referred to in article 820.

**6. Carriers �köo2—Penal Code providing seating fee for busses held not ambiguous for failure to name time, place, and manner of payment (Pen. Code 1925, art. 820; Rev. St. 1925, arts. 6675, 6678).**

Pen. Code, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), providing for seating fee for busses, construed with Rev. St. 1925, arts. 6675, 6678, providing additional fees referred to in article 820, and prescribing payment of such fees annually to tax collector, *held* not ambiguous because of omission of word "annual" in prescribing seating fee and failure to mention time and place of payment; seating fee being payable in same manner as other taxes.

**7. Statutes ⊙o49—Code providing seating fee for busses is not indefinite for failure to prescribe method of determining number of passengers given bus will seat (Pen. Code 1925, art. 820).**

Pen. Code 1925, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), providing for seating fee for busses, *held* not void for indefiniteness because it did not prescribe method of determining how many passengers given bus will seat; Supreme Court knowing as matter of common knowledge that motor vehicles are classified in accordance with number of passengers they will accommodate, and law not taking account of fact that some persons are larger than others.

**8. Carriers ⊙o2—Article providing seating fee for busses held not destroyed by article providing other laws may be resorted to in construing Code (Pen. Code 1925, arts. 6, 820).**

Pen. Code 1925, art. 6, providing that other written laws of state may be resorted to in construing Penal Code, aids rather than destroys article 820 (Acts 38th Leg. [1923] c. 75, § 16e), prescribing seating fee for busses.

**9. Carriers ⊙o2—Constitutional law ⊙o83(3) —Penal code prescribing seating fee for busses and penalty held not to violate Constitution prohibiting imprisonment for debt (Pen. Code 1925, art. 820; Const. art. 1, § 18).**

Under Pen. Code 1925, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), providing for seating fee for busses and prescribing penalty for violation of section, penalty is not punishment for failing to pay tax due state, but for operation of bus on public highways, and is not in violation of Const. art. 1, § 18, prohibiting imprisonment for debt.

**10. Constitutional law ⊙o83(3)—Right of state to regulate and control highways is not abridged by Constitution prohibiting imprisonment for debt (Const. art. 1, § 18).**

Const. art. 1, § 18, providing that no person shall ever be imprisoned for debt, does not abridge right of state to regulate and control its public highways in interest of safety of citizens and for purpose of providing fees for their maintenance.

**11. Constitutional law ⊙o48—Statute should be reasonably construed with view of upholding constitutionality.**

Statute should not be declared unconstitutional on strained construction thereof, but should be reasonably construed with a view of upholding its constitutionality, if possible.

### On Rehearing.

**12. Carriers ⊙o8—"Seating fee for busses" is not tax but registration fee required to be paid before tax collector can issue receipt, seals, etc., "license fee" (Pen. Code 1925, art. 820; Rev. St. 1925, art. 6690).**

Seating fee for busses prescribed by Pen. Code 1925, art. 820, is not a tax but an additional registration fee, and tax collector had no authority to issue receipt, number plates, seals, etc., unless this registration fee was paid with other fees required by law, under Rev. St. 1925, art. 6690, requiring payment to tax collector of "license fee" required by law, which means all license fees, not part thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, License Fee.]

**13. Carriers ⊙o2—Penal Code requiring payment of seating fee for busses and prescribing penalty held sufficient to maintain criminal prosecution (Pen. Code 1925, art. 820).**

Pen. Code 1925, art. 820 (Acts 38th Leg. [1923] c. 75, § 16e), requiring seating fee for busses and providing penalty for violation thereof, though incomplete without reference to articles of Civil Statutes in aid thereof, is sufficient to maintain indictment and criminally punish a violation thereof, in view of Pen. Code 1925, art. 121.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Applications for mandamus and injunctions by H. E. English and others, a partnership owning and operating the Dallas-Greenville Red Ball Bus Line, against John M. Lowery, Tax Collector of Dallas County. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Claude D. Bell, of Dallas, and R. B. Cousins, Asst. Atty. Gen., for appellant.

John M. Melson, of Sulphur Springs, for appellees.

⊙o⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HICKMAN, J. The appellees H. E. English, Jim Peyton, and J. F. Larkmiller, a partnership owning and operating the Dallas-Greenville Red Ball Bus Line, filed suit against the appellant, tax collector of Dallas county, for mandamus directing the appellant to issue to them registration certificates and license seals for 6 twenty-five passenger Mack busses operated by them between the cities of Dallas and Greenville. They further prayed for an injunction restraining the appellant as tax collector from collecting $4 per passenger capacity on their said busses as provided in article 820 of the Penal Code. The petition alleged a tender by appellees to appellant of the registration fees and taxes required by articles 6675 and 6678 of the Revised Civil Statutes, and appellant's refusal to accept same and issue the proper registration certificates and license seals on the ground that the tender did not include the $4 seating tax as provided in article 820 of the Penal Code. This article reads as follows:

"Owners of passenger motor vehicles operating for hire shall pay in addition to the fee of 17½ cents per horse power and the weight fee provided therefor, an additional registration fee of four dollars for each passenger such vehicle will seat. Any owner of a motorbus vehicle who shall fail or refuse to comply with this article shall be fined not more than two hundred dollars."

Appellees attack the constitutionality of this article on the following grounds:

First. That the provisions requiring the payment of the so-called seating tax are nowhere included in the Revised Civil Statutes, but, on the other hand, are found only in the Penal Code.

Second. That article 820 of the Penal Code is violative of article 1, § 18, of the Constitution, providing that no person shall ever be imprisoned for debt.

Third. That said article is indefinite and of doubtful construction; that same cannot be understood from language used therein; and that said article does not state the time or place where said $4 tax shall be paid, nor does it state how often and to whom the said tax shall be paid.

Upon hearing, the mandamus and injunction were issued as prayed for, and from the judgment of the court granting such writs this appeal has been prosecuted.

The conclusions of law filed by the trial judge follow, in the main, the allegations of the petition, and these conclusions will be examined separately. The first conclusion is:

"There being no law in the Civil Statutes of this state requiring plaintiff to pay the said $4 passenger capacity on said motor vehicles, the tax collector has no right to demand the same."

Article 820 of the Penal Code is in the exact language of section 16e, c. 75, p. 155, Acts of the 38th Legislature (1923). Articles 6675 and 6678 of the Revised Civil Statutes of 1925 were also parts of the same chapter. In recodifying the statutes in 1925 the codifiers placed section 16e in the Penal Code without any change in its wording and numbered it article 820. Nowhere in the Revised Civil Statutes, as adopted by the Legislature, is the $4 per passenger seating tax provided for. The obligation, if any, to pay this tax is perforce this article in the Penal Code.

In support of this conclusion the contention of appellee is that, since the final title of the act adopting the Revised Civil Statutes provides that "all Civil Statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein or which are not hereby expressly continued in force, are hereby repealed," and as section 16e was omitted from the Revised Civil Statutes, same was thereby expressly repealed. It is further contended that the Civil Statutes afford a citizen privileges and can alone be looked to in determining his obligation with reference to the payment of a license or tax.

[1-3] We cannot agree with either of these contentions. Section 16e was not repealed, but was taken bodily from its setting and placed in the Penal Code. Since the violation of this section was punishable by fine, it was a penal statute, and properly placed in the Penal Code. The question for our determination is whether it is any the less binding because placed in the Penal Code, rather than in the Revised Civil Statutes. Our statutes as a whole form one homogeneous system. There is no constitutional provision that civil duties imposed by an article of the Penal Code are not just as binding as those imposed by a civil statute. All of the provisions of the statutes with reference to the payment of license fees for automobiles would have properly been placed in the Penal Code, had each carried a penalty for its violation. Certainly, had they been so placed, the owners of motorbusses operating upon the highways of this state would not have thereby been relieved of all obligations to pay registration and license fees. In order to enforce the penal provision of this article, it was necessary that it be in the Penal Code. We cannot understand why the placing of the article in the Penal Code in any wise lessened its binding effect upon the appellees. No constitutional provision required it to be placed in the Civil Statutes. Appellees contend that, in order for this article to be effective as a registration measure and as a penal statute, it must be found in both the Civil and the Penal Codes. We can see no necessity for requiring a statute to be published in two separate places, and certainly the Constitution does not require it. The first conclusion of law by the trial judge cannot be sustained.

[4] The second conclusion of law is as follows:

"The tax collector, being a creature of the Civil Statutes and therefore having no right

to demand said $4 passenger fee, also had no right to refuse to issue said license and appropriate seals and number plates upon the tender by plaintiff of all other fees provided for registration in the Civil Statutes."

We do not consider this a substantial reason for declaring a statute unconstitutional. Judges, prosecuting attorneys, sheriffs, and other officers might as well be designated as creatures of the Civil Statutes, and the same rule of law which would prevent a tax collector from making a demand based upon the Penal Code would prevent the other officers named from enforcing our penal laws. This conclusion of law cannot be sustained.

The third conclusion is:

"The court further finds and concludes that section 16e of chapter 75, Regular Session of the 38th Legislature, is vague, indefinite, and uncertain in its terms and incapable of a construction under which defendant would have a right to refuse the issuance of the regular automobile license and number plates upon a tender of the regular and proper amount therefor."

[5] This contention would be correct if no reference could be had to other provisions of our law in aid of the construction of this provision. By the provisions of article 6 of the Penal Code resort may be had to "other written law of the state" in construing any article contained in the Code. Article 820 refers to the other written law of our state which aids in the construction thereof. The provision with regard to the seating tax is that it should be "in addition to the fee of 17½ cents per horse power and the weight fee provided therefor." By reference to articles 6675 and 6678 of the Revised Civil Statutes, the very fees referred to in article 820 of the Penal Code are provided for. It is, therefore, clear that in construing article 820 we should do so in the light of the Civil Statutes upon the same subject. These articles are in pari materia and should be construed together. 36 Cyc. 1147.

[6] But, it is contended that, construing these statutes together, an ambiguity and uncertainty still exists. We cannot agree that the appellees could not know by these statutes to whom, when, and how often to pay this tax. The taxes provided in the Civil Statutes are annual taxes. Like all other taxes, they are payable to the tax collector. The time of the payment is made clear in the Civil Statutes. The fact that in article 820 the word "annual" is not used, and the time and place of payment not named, cannot operate to defeat the statute. The provision that the owner of a motorbus shall pay an annual horse power tax and an annual weight tax and an additional seating tax can have no other meaning to us than that the seating tax shall be added to the other taxes, payable at the same time and place and in the same manner as are the other taxes provided for.

[7] It is urged the article is indefinite because it does not give any method of determining how many passengers a given bus will seat, and the argument is made that it would seat fewer large persons than smaller persons. We do not consider this a substantial criticism of the statute. We know, as a matter of common knowledge, although the record is silent on the question, that motor vehicles are classified in accordance with the number of passengers they will accommodate. The law does not take into account the fact that some persons are larger than others, but classifies cars, as they are ordinarily classified, with reference to the average person. Appellee's petition alleges that they are the owners of 6 twenty-five passenger Mack busses. That conveys a definite idea, and it would not have occurred to appellees that it was necessary to allege in their petition that said busses would seat a certain number of large persons and a different number of small persons. We think the provisions of article 820, when studied in connection with the Civil Statutes in pari materia therewith, are not so indefinite and uncertain as to make the article unconstitutional, and the third conclusion of law cannot be sustained.

The fourth conclusion of law is as follows:

"The court further finds that section 16e of chapter 75, Regular Session of the 38th Legislature, as enacted and placed in the Penal Code as article 820, is made inoperative and void by virtue of article 6 of the Penal Code and Constitution."

[8] We think that article 6 of the Penal Code, by providing that other written laws of the state may be resorted to in construing the Penal Code, aids rather than destroys the article under consideration. To what provision of the Constitution the learned trial judge referred in this conclusion of law is not disclosed by the record. The fourth conclusion of law is therefore not sustained.

[9] It was pleaded, and is here insisted, that the article under construction is unconstitutional because in violation of article 1, § 18, of the Constitution, which provides, "No person shall ever be imprisoned for debt." The penalty provided for in this article is in no sense in punishment for any debt, within the meaning of the Constitution. South v. State, 72 Tex. Cr. R. 381, 162 S. W. 510, and authorities there cited; Atkins v. State Highway Department (Tex. Civ. App.) 201 S. W. 226.

[10] The offense condemned by this article was the operation of a bus on the public highways of the state, and not a failure to pay a tax owing to the state. The right of the state to regulate and control its public highways in the interest of the safety of citizens, and for the purpose of providing fees for their maintenance, is in no sense abridged by the provisions of the section of the Constitution quoted.

[11] A statute should not be declared unconstitutional on a strained construction

thereof, but should be reasonably construed with a view of upholding its constitutionality if possible. It is our duty, as a court, to endeavor to uphold the policy of the Legislature, and a statute reasonably susceptible of a construction giving effect to all its parts should be upheld. We do not believe that the article under construction is void or unenforceable by reason of any of the contentions of appellees, and it is, therefore, our order that the judgment of the trial court be set aside and judgment here rendered dissolving the mandamus and injunction heretofore issued herein.

Reversed and rendered.

## On Rehearing.

An earnest and vigorous motion for rehearing has been filed in this case by attorneys employed by appellees since the original opinion was rendered. This motion renews some of the attacks made upon the constitutionality of the act in question on the original hearing, and injects new arguments not noted in the original opinion. We have therefore carefully re-examined the record, and deem it advisable to indicate briefly our views upon the questions discussed in the motion.

[12] It is urged that the mandamus should have issued, because under article 6690 it was the duty of the tax collector to issue a receipt, number plates, seals, etc., to appellees when appellees filed an application therefor and tendered "the amount of license fee required by law"; that the fee provided in article 820 of the Penal Code was not a license fee, but a tax; and that, therefore, the tax collector was no more justified in refusing to issue said receipt, number plates, seals, etc., on account of a failure to pay this tax than for a failure to pay an ad valorem tax. The language "shall pay said collector the amount of the license fee required by law" does not mean a part of the license fee required by law, but all of the license fee required by law. The fee prescribed in article 820 of the Penal Code is in no sense a tax, but, as stated in said article, is "an additional registration fee." The tax collector had no authority to issue the receipt, number plate, seals, etc., unless this registration fee was paid him along with other fees required by law, and the mandamus should not have issued compelling him so to do.

The argument is renewed with vigor that section 16e of chapter 75, p. 158, Acts of the Thirty-Eighth Legislature (1923), which is now article 820 of the Penal Code, was repealed by the Legislature in the following language, found in the final title of the act adopting the Revised Civil Statutes of 1925:

"All Civil Statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed." Section 2.

Just how that language could be construed as repealing the act under construction, we are unable to understand. Section 16e has never been a civil statute. It was a penal statute when enacted and has ever since remained. It was the duty of the codifiers to sift all acts of the Legislature enacted since the revision of 1911 and place in the Penal Code such acts as provided a penalty for their violation. This particular section was found to be penal in its nature, and was therefore properly placed in the Penal Code, and expressly continued in force without modification or change. If it was valid as section 16e, it is valid as article 820 of the Penal Code.

[13] The argument is made that an indictment under this article could not be upheld, because all of the essential elements of the crime are not contained within its four walls. The argument is based upon the conception that one cannot be punished criminally for the violation of duties imposed by Civil Statutes, even though the Penal Code makes such violation a penal offense. That is not an open question in our state. Many articles of the Penal Code are incomplete, unless reference is made to the Civil Statutes in aid thereof. One of the most familiar illustrations of this rule is article 121 of the Penal Code, 1925. This is a very old article and reads as follows:

"Whoever shall pursue or follow any occupation, calling or profession, or do any act taxed by law, without first obtaining a license therefor, shall be fined not less than the amount of the taxes due and not more than double that sum."

That article depends a great deal more upon the provisions of the Revised Civil Statutes than does article 820. It has been attacked upon the same ground urged by appellees in this case, but its constitutionality has been uniformly upheld as against such attack. In the case of South v. State, 72 Tex. Cr. R. 381, 162 S. W. 510, the appellant was prosecuted and convicted under this article and article 7355 of the Revised Civil Statutes. Appellant attacked the constitutionality of the act on the ground that:

"Said offense, if any, is not defined by the Penal Code, as provided by title 1, art. 1, nor is it in compliance with article 3 of said Code, and is void as a penal statute."

In overruling the objection and upholding the constitutionality of the act, the court used the following language:

"As expressly provided by article 6, Pen. Code, not only the articles in the Penal Code can be looked to, but 'other written law of the state' may and should be looked to. This court has always held that this law (now article 121, Pen. Code) in connection with our Civil Statutes, prescribing what occupations may be taxed and fixing the amount of the tax, and requiring payment thereof and a license before

pursuing it, prescribes a penal offense and is constitutional."

Many authorities are cited by the court in support of the holding. To our minds that forecloses the question.

The motion for rehearing is overruled.