## CASS FARM COMPANY *v.* DETROIT.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 508. Argued February 25, 26, 27, 1901. — Decided April 29, 1901.

The court holds and adheres to its decisions in *French* v. *Asphalt Paving Co.,* *Tonawanda* v. *Lyon, ante,* 371, and *Wight* v. *Davidson, ante,* 389, and finds nothing in the record to show that the complainants have entitled themselves to its interference.

THE case is stated in the opinion of the court.

*Mr. Henry M. Campbell* for plaintiff in error.

*Mr. Timothy E. Tarsney* and *Mr. C. D. Joslyn* for Detroit.

MR. JUSTICE SHIRAS delivered the opinion of the court.

A bill in equity was filed in September, 1898, in the circuit court for the county of Wayne, State of Michigan, by the Cass Farm Company, Limited, and others, owners of lands lying and abutting upon Second avenue in the city of Detroit, against said city, the board of public works, and the Alcatraz Asphalt Paving Company, whereby it was sought to enjoin the city of Detroit from paving a portion of Second avenue, and to have the proceedings taken with reference to said paving declared void.

There was a decree in the circuit court in favor of complainants, and thereupon the case was taken to the Supreme Court of the State of Michigan, where the decree of the trial court

was reversed, and a decree was entered dismissing the complainant's bill with costs of both courts.

We learn from a statement in the opinion of the Supreme Court that among other grounds of relief stated in the bill was the following:

"That the provisions of the charter and of the paving ordinances of the city, in so far as the same proviae for an assessment of the cost of paving upon the abutting property in proportion to the frontage of such property, were in violation of the Constitution· of the United States and the amendments thereof, and therefore null and void."

The state Supreme Court disposed of this contention in the following language:

"In paving cases the rule has been settled in this State by many decisions that it is competent for the legislature to authorize the cost of paving streets to be assessed upon the abutting property according to frontage.

"It was said by Mr. Justice Cooley in *Sheley* v. *Detroit,* 45 Michigan, 431:

"'We might fill pages with the names of cases decided in other States which have sustained assessments for improving streets, though the apportionment of the cost was made on the same basis as the one before us. If anything can be regarded as settled in municipal law in this country the power of the legislature to permit such assessments and to direct an apportionment of the cost by frontage should by this time be considered as no longer open to question. Writers on constitutional law, on municipal law and on the law of taxation have collected the cases and have recognized the principle as settled; and if the question were new in this State we might think it important to refer to what they say; but the question is not new. It was settled for us thirty years ago.'

"We should feel inclined to follow the opinion of the Supreme Court of the United States in *Norwood* v. *Baker,* inasmuch as it was based on the Fourteenth Amendment of the Constitution of the United States, if that were a paving case; but that was a street opening case, and until that court shall pass upon the question in the exact form in which it is here presented, we shall

feel bound to follow our own decisions." *The Cass Farm Improvement Co.* v. *Detroit*, 83 N. E. Rep. 108.

We have recently held that it was not the intention of the Fourteenth Amendment to subvert the systems of the States pertaining to general and special taxation; that that amendment legitimately operates to extend to the citizens and residents of the States the same protection against arbitrary state legislation affecting life, liberty and property, as is afforded by the Fifth Amendment against similar legislation by Congress, and that the Federal courts ought not to interfere when what is complained of is the enforcement of the settled laws of the State applicable to all persons in like circumstances and conditions, but only when there is some abuse of law, amounting to confiscation of property or deprivation of personal rights, as was instanced in the case of *Norwood* v. *Baker*. *French* v. *Asphalt Paving Co.*, *Tonawanda* v. *Lyon*, *Wight* v. *Davidson*, *ante*, 324, 389, 371.

We are not convinced, by anything appearing in this record, that the complainants have entitled themselves to the interference of this court. As held by the Supreme Court of their own State, the proceedings to enforce the payment of their proportion of a common burden have been conducted in due regard to the forms and provisions of the statutes and ordinances applicable to the facts of the case, and disclose no departure, actual or intended, from constitutional principles.

The judgment of the Supreme Court of the State of Michigan is

*Affirmed.*

MR. JUSTICE HARLAN, (with whom concurred MR. JUSTICE WHITE and MR. JUSTICE MCKENNA,) dissenting.

The controlling question in the above case is the same as is presented in *French* v. *Barber Asphalt Paving Co.*, *ante*, 324, *Wight* v. *Davidson*, *ante*, 371, and *Tonawanda* v. *Lyon*, *ante*, 389, just decided. For the reasons stated in my opinions in those cases, I dissent from the opinion and judgment of the court in this case.