## WICHITA FALLS TRACTION CO. v. RALEY et al. (No. 12187.)

Court of Civil Appeals of Texas. Forth Worth. March 23, 1929.

Bullington, Boone, Humphrey & King and Bonner, Bonner & Fryer, and Virgil Childress, all of Wichita Falls, for appellant.

Wayne Somerville and Thelbert Martin, City Atty., both of Wichita Falls, for appellees.

CONNER, C. J. This appeal is from an order of the Honorable P. A. Martin, district judge, dissolving a temporary writ of injunction theretofore granted on the application of the appellant traction company.

The facts of the case, as alleged and formally admitted to be true, are, so far as necessary to an understanding of our conclusions, as follows:

Appellant is and was at all times involved herein a duly incorporated corporation and as much duly authorized to construct and operate an electric street railway within the city of Wichita Falls, in which it has at all times had its principal office. The appellee Guy C. Raley is the duly elected, qualified, and acting tax collector of Wichita county. The appellee Wayne Somerville is the duly elected, qualified, and acting county attorney of said county. The city of Wichita Falls is a municipal corporation with a population in excess of 50,000, and has had a population of more than 5,000 inhabitants since 1909, when, pursuant to the provisions of our Constitution and statutes, it was duly incorporated; that about the year 1913 said city duly adopted a special charter under what is known as the "Home Rule Amendment" to the Constitution (article 11, § 5), and has since that time operated thereunder.

In 1909 the appellant traction company constructed a complete line of electric railway through the city of Wichita Falls, and since that time has continuously operated same, maintaining a regular service under the provisions of a franchise granted to them by the city of Wichita Falls in 1909 and amendments thereto.

In the year 1923 (Acts Second Called Session, page 97) the Legislature duly enacted a law, now article 6548 of the Revised Statutes of 1925, reading as follows: "Art. 6548. *Jitney Lines*—Any corporation operating a street or suburban railway or interurban railway, and carrying passengers for hire, is hereby authorized to maintain and operate motor trucks or jitney lines in connection with their said business for the purpose of carrying passengers for hire on the public roads, streets, squares, alleys and highways within the corporate limits of any incorporated City or town under such regulations as may be prescribed by any such city or town, and on the public roads and highways within five miles of the corporate limits of any such incorporated city or town, under such regulations as the commissioners court of such county may prescribe."

Pursuant to said law, in 1927, plaintiff commenced to operate, wholly within the corporate limits of the city of Wichita Falls, certain passenger busses, which were so operated in connection with the electric car system and as a part thereof for the purpose of furnishing the citizens of Wichita Falls, particularly the people of small means and the school children residing therein, at a small charge, efficient and regular modes of transportation to and from and between their respective homes, places of business, workshops, schools, and colleges; that during all of such time plaintiff has charged fares of 5 cents and 6 cents on the electric lines, and fares not to exceed 10 cents on the bus line; and there has always been available to the patrons certain "tokens" which they could purchase in quantities at a price which would enable them to ride on the bus line to and from any part of the city at a price of 6 cents, and under its franchise the traction company has at all times granted to the patrons transfers which enable them to ride for one fare from one point in the city to any other part of the city, although a portion of such passage might be on one branch of its system and another portion of said trip over a bus line. At all of said times school children have been furnished their transportation at one-half the fare above mentioned; also, during all of said times and now, the traction company carried and is required to carry city employés, including firemen and policemen, free of charge.

That pursuant to the provisions of said article 6548, the traction company, before starting to operate, as a part of its street car system, motor propelled passenger busses, applied to the governing body of the city of Wichita Falls for a franchise authorizing it to operate said busses over, along, and across the streets and alleys within the city; and after due notice, publication, and hearing, the city of Wichita Falls, through its governing body, did, on the 14th day of December, 1925, duly enact its Ordinance No. 656, the caption of which is as follows: "An ordinance granting to the Wichita Falls Traction Company and its assigns the right to maintain and operate motor trucks, jitneys and busses over and along the public roads, streets, squares, alleys and highways of the City of Wichita Falls, Texas, for the purpose of carrying passengers for hire."

A true copy of Ordinance 656 is attached as an exhibit to appellant's petition. Section No. 4 of the ordinance provides that the traction company shall pay to the city, and it has so paid, the sum of $10 each year for

each and every street bus operating, and in addition thereto 1 per cent. of the gross receipts from all street busses so operated. The traction company has complied with all terms, provisions, and conditions of said Ordinance 656, and especially has it made the bonds and made all payments therein mentioned and provided for, the amount paid to the city under the provisions thereunder being substantially $2,500 every year, and is increasing each year as the city grows and as the passenger busses' service increases and is extended.

It further appears that the traction company has made due application for license and tendered all registration and other fees required under articles 6675 and 6678 for the year 1929, but said appellee Raley has refused to accept such taxes, and has refused to issue certificates of registration and distinguishing seals until and unless appellant shall pay $4 for each passenger that its said motor vehicles will seat as provided by article 820, title 13, chapter 1 of the Penal Code of the State of Texas, which reads as follows: "Owners of passenger motor vehicles operating for hire shall pay in addition to the fee of 17½ cents per horse power and the weight fee provided therefor, an additional registrations fee of four dollars for each passenger such vehicle will seat. Any owner of a motor bus vehicle who shall fail or refuse to comply with this article shall be fined not more than two hundred dollars."

It further appears that during the years of 1927 and 1928 appellant was operating within the city under the circumstances alleged some ten passenger busses, and that the said Raley, as tax collector, and the said Wayne Somerville, as county attorney, are threatening to criminally prosecute the drivers of the busses or collect the $4 per passenger its busses will seat, as specified.in said criminal statutes, article 820.

Appellant's petition for the writ contains numerous other allegations, which, in view of the conclusions reached by us, we do not deem necessary to mention except perhaps, we should state that the appellant, on the trial, renewed its tender of all fares due and owing under provisions or articles 6675 and 6678, and all other articles of the statutes other than said article 820 of the Penal Code.

The trial court, after having found the facts as alleged in appellant's petition to be true, filed his conclusions of law, which read as follows:

"(1) I conclude that, under the authority of City of Wichita Falls v. Robertson (Tex. Civ. App.) 283 S. W. 870 defendant Wayne Somerville cannot be enjoined from prosecuting the drivers of the several motor busses or the officers of plaintiff company for operating motor busses on the streets of Wichita Falls for failure to pay $4 per seat passenger tax mentioned in Article 820 of the Penal Code.

"(2) I conclude that Article 820 of the Penal Code applies to all vehicles operated for hire, although, as here, they follow a designated route on regular schedules, and that the routes are wholly within the corporate limits of the city, and although, as here, they have previously procured from the city a franchise to operate such busses and, as here, pay the City $10 per year plus one per cent of the gross receipts on the busses.

"(3) I conclude that, not withstanding the agreed facts as set forth in plaintiff's petition, plaintiff is due the $4 per seat capacity tax, and it follows, therefore, that the collection of same should not be enjoined or prohibited, the law being constitutional.

"(4) I conclude that, not withstanding the fact that the Traction Company pays, under the terms of the franchise granted it by the City, $10 per bus per year plus one per cent of the gross receipts collected from the bus business, and notwithstanding the fact that it was the purpose and intention of this charge to enable the city to have funds with which to repair the streets over which the busses traveled, yet Article 820 of the Penal Code appears to be, in addition to any and every other charge, tax and license of whatever character, on any and every vehicle operated for hire.

"Accordingly I dissolved the temporary injunction granted, the effect of which is, of course, to discharge the City of Wichita Falls entirely and permit defendant, Guy C. Raley, Tax Collector, and Wayne Somerville, County Attorney, to proceed by suit prosecution or otherwise to collect said tax."

Appellant in its petition attacks the constitutionality of article 820, but we think the various grounds urged against its validity are sufficiently disposed of in an opinion by Chief Justice Hickman, of the Eastland Court of Civil Appeals, in the case of Lowery v. English (Tex. Civ. App.) 299 S. W. 478, which we approve. We think the vital question here is whether article 820 of the Penal Code applies to the facts of this case and controls its disposition. We think it unnecessary to cite the numerous articles of our road laws that should perhaps be considered, for it may be seen by reference to title 116, of the 1925 codification of the laws relating to the subject, that the legislative purpose was to provide for and regulate "State Highways," and not the streets and roadways of cities incorporated under the Home Rule Amendment to the Constitution. By article 6673 of the title, the controlling commission provided for is directed to "use the automobile registration fees" for the maintenance of "such highways." The registration and other fees imposed by title 116, including articles 6675 and 6678, are to be apportioned, to the counties "17½ cents per horse power of every vehicle registered in such county"; the bal-

ance to the highway department. See article 6691. This article further provides that the fees thus awarded to the counties may by them be used on county roads when deemed necessary or expedient. All such fees are to be devoted to the maintenance of state and county highways to the exclusion of streets and roadways in incorporated cities.

In the case of Myles Salt Co. v. Board of Commissioners, 239 U. S. 478, 36 S. Ct. 204, 60 L. Ed. 392, the Supreme Court of the United States held that the lands of an improvement district could not be lawfully taxed for the improvements of other districts which received all of the benefits. See also of similar import Thomas v. Kansas City Southern R. Co., 261 U. S. 481, 43 S. Ct. 440, 67 L. Ed. 758; Road Imp. Dist. v. Missouri Pac. R. Co., 274 U. S. 188, 47 S. Ct. 563, 71 L. Ed. 992.

Article 820 of the Penal Code was enacted as a penal section along with the many other provisions of the state highway law, and later by the codifiers transported in the same words to the Penal Code (see Lowery v. English (Tex. Civ. App.) 299 S. W. 478), and should be construed together with the laws to which we have referred, and when so construed, we think it has no application to the busses operated by the appellant. It is true that the terms of the article are very broad and state no exception, yet at least one exception has already been noted [see Yellow Cab Co. v. Pengilly (Tex. Civ. App.) 11 S.W. (2d) 560], and when construed in the light of all other laws in pari materia, the exception urged by appellant in this case should also be established. This is especially true in view of the statutes and charter provisions giving to incorporated cities exclusive control over their streets and roadways, for the construction and maintenance of which they alone must provide, and in view of the further special legislative act hereinbefore quoted as article 6548, expressly granting to corporations such as appellant the right to operate jitney cars "under such regulations as may be prescribed by [the] city." This harmonizes with the powers conferred by the Home Rule Amendment, under which the city of Wichita Falls is operating.

We deem it unnecessary to discuss distinctions to be made between registration fees and taxes, for whether the $4 for each passenger the vehicle will seat, provided for in article 820, be termed a tax or a registration fee, the moneys thereby derived are in the nature of taxes and, under the various regulations, undoubtedly to be applied in the construction and maintenance of state and county highway projects; the fees and other sums imposed upon appellant by the city of Wichita Falls being intended for and applied to the maintenance of its own streets and roadways. ■ We conclude that article 820 of the Penal Code has no application to the facts of this case, and it hence follows, we think, that

the court erred in dissolving the temporary writ of injunction. In this connection it should perhaps be stated that we think the case of City of Wichita Falls v. Robertson (Tex. Civ. App.) 283 S. W. 870, in which it was held that the writ of injunction was not available to restrain prosecutions for violation of a penal statute, is distinguishable from the case now before us. In that case the sole complaint of legal cognizance was that the ordinance imposing penalties under which prosecutions were threatened, was unconstitutional, and the record shows that the only evidence offered consisted of a copy of the ordinance attached. In the case now before us, property rights are threatened, the threatened criminal prosecutions being only incidental thereto, and the case falls within the rules relating to the subject announced in the cases of Gulf Refining Co. v. City of Dallas (Tex. Civ. App.) 10 S.W.(2d) 151, writ refused; Featherstone v. Independent Service Station Ass'n (Tex. Civ. App.) 10 S.W.(2d) 124; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Bielecki v. City of Port Arthur (Tex. Com. App.) 12 S.W.(2d) 977; Lewis & Spelling on Injunctions, sec. 10, 11, pp. 11–17; 32 C. J. 280.

We finally conclude that the court erred in dissolving the temporary writ of injunction, and it is accordingly reinstated as to both appellees and the case remanded for further proceedings not inconsistent with this opinion. See James v. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959.