**STRAIGHT CREEK DRAINAGE DIST. NO. 2 OF JACKSON COUNTY, KAN., v. CHICAGO, R. I. & P. RY. CO.**

Circuit Court of Appeals, Tenth Circuit.
December 9, 1929.

No. 55.

A. E. Crane, of Topeka, Kan. (B. F. Messick, Jr., and Mr. A. Harry Crane, both of Topeka, Kan., on the brief), for appellant.

Luther Burns, of Topeka, Kan. (J. E. Du Mars, of Topeka, Kan., on the brief), for appellee.

Before LEWIS, COTTERAL and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. This is an appeal from a decree in favor of The Chicago, Rock Island & Pacific Railway Company, hereinafter called the railway company, enjoining The Straight Creek Drainage District No. 2 of Jackson County, Kansas, hereinafter called the drainage district, from levying and certifying any tax against the lands and property of the railway company within the drainage district, predicated upon an assessment of benefits made by the Benefits and Damages Commission of the drainage district, upon the ground that the same was made in violation of the Fourteenth Amendment to the Constitution of the United States.

The drainage district lies wholly within Jackson County, Kansas, and comprises an area of 3036.5 acres of land. 25.3 acres of the railway company's right-of-way is included within the district. The balance of the district consists of agricultural lands.

The drainage district was organized under the provisions of chapter 170, Laws of Kansas, 1911, being article 5, c. 24, Revised Statutes, 1923, §§ 24–501 to 24–529, inclusive.

Section 24–501 provides that drainage districts, such as the one here involved, may be organized for the purpose of increasing the drainage capacity of any natural watercourse by clearing it of obstructions, excavating cut-offs, spillways and auxiliary channels.

Section 24–519 provides for the appointment, by the board of directors of the drainage district, of a Benefits and Damages Commission, to serve during the pleasure of the board of directors; and that the commission

shall "assess the costs of improvements made against the separate tracts of land and other real property in proportion to the benefits derived therefrom."

Section 24–520 provides that the benefits shall be divided into two classes:

"First, general benefits, such as accrue to the district as a whole from the construction of such improvements. The cost of these benefits shall be assessed at an equal rate on the assessed value of all the lands and other real property included within the district.

"Second, special benefits, those of especial value to lands and other real property lying in the vicinity of such improvements, in addition to the general benefits; and the cost of such special benefits shall be borne by the land and other real property receiving the same, in proportion to said special benefits."

The commission ascertained that $159,-475.82 was the assessed valuation of the agricultural lands for the year 1922; that $52,-508.06 was the assessed valuation of the railway company for such year; and that $60,000 was the estimated cost of the improvements. The commission assessed $57,-023.66 as general benefits and $2,976.34 as special benefits. It assessed no special benefits to the railway company's property, but assessed general benefits in the sum of $14,-124.67, or .23561 of the entire assessment.

Notice was served upon the railway company that the board of directors of the drainage district would meet on September 5, 1922, to hear complaints with reference to the assessments of damages and benefits by the commission. The railway company appeared upon the day set for the hearing, but the board of directors refused to hear any testimony on the part of the railway company, upon the ground that its appeal was not properly taken. The railway company then gave notice of appeal to the district court of Jackson County, Kansas, and presented its bond in support thereof. Upon the appeal being taken, the railway company filed its petition and bond to remove the cause to the United States District Court for the District of Kansas. The cause was duly removed. On December 22, 1926, a special master was appointed to take the testimony and make findings of fact and conclusions of law and report the same to the court. At this hearing, it was stipulated that the assessed value of the right-of-way, roadbed, embankment, ballast, ties, rails, bridges and appurtenances thereto, situated within the drainage district, was $30,000 for the year 1922. This stipulation expressly provided that it should not be construed as an admission of any obligation by the railway company to pay any sum as benefits.

The special master found that the value of the railway company's property, for assessment purposes, was $30,000 for the year 1922; and that the railway company was benefited by the improvements made in the drainage district, consisting of straightening, widening and deepening of the channel of Straight Creek. He concluded that the assessment should be based upon a valuation of $30,000 instead of $52,508.06, and recommended that the assessment be corrected accordingly.

The railway intersects the drainage district for a distance of 1.6 miles. The tracks are supported by a fill or grade approximately seven or eight feet higher than the land on both sides. In 1911, the railway company raised its track six inches and ballasted it. The railway company has constructed, for its use over Straight Creek, a steel bridge with a ninety foot span, which is ample at any time to carry off the water in the channel. In the forty years the railway has been constructed and operated, no substantial loss has occurred to it as a consequence of floods from Straight Creek. Trains were delayed for not to exceed two hours on two occasions, but this was before the track was raised and ballasted.

The assessed value of the agricultural lands within the drainage district was $52.00 per acre. The assessed value of the railway company's property was approximately $2,-100 per acre. Thus, it will be seen that, on an acreage basis, the valuation used for the purpose of fixing the assessments of general benefits against the railway company was approximately forty times greater than the valuation used for the purpose of fixing such assessments against the agricultural lands within the drainage district. As modified by the special master, the assessment against the railway company was on the basis of $1,200 per acre, or twenty-three times greater than the acreage valuation placed upon the agricultural lands within the drainage district.

The trial court found that the assessment against the railway company was discriminatory and arbitrary and violative of the due process and equal protection provisions of the Fourteenth Amendment to the Constitution of the United States, and entered its decree accordingly.

In the case of Kansas City Sou. Ry. Co. v. May (C. C. A. 8), 2 F.(2d) 680, at 683, the court said:

"This distribution of benefits by way of assessment for the purpose of taxation must

not be arbitrary and discriminatory. It 'must be estimated upon contiguous property according to some standard which will probably produce approximately correct general results.' Kansas City Southern Railway Co. et al. v. Road Improvement District No. 6 of Little River County, Ark., 256 U. S. 658, 661, 41 S. Ct. 604, 65 L. Ed. 1151. If not, it violates the Fourteenth Amendment to the Constitution."

█ It cannot be doubted that the drainage of Straight Creek will result in a direct, immediate and substantial benefit to the agricultural lands and in but slight benefit to the railway company's property. Under these circumstances, an assessment on a basis of either $2,100 or $1,200 per acre against the railway company's property and of $52 per acre against the agricultural lands, of 95% of the cost of the project, was palpably arbitrary and discriminatory, a plain abuse of the taxing power, and violative of the Fourteenth Amendment to the Constitution of the United States. Kansas City Sou. Ry. Co. v. May, supra; Missouri Pac. R. Co. v. Road Imp. Dist. (C. C. A. 8), 288 F. 502, 505; Thomas v. Kansas City Sou. Ry. Co., 261 U. S. 481, 484, 43 S. Ct. 440, 67 L. Ed. 758; Kansas City Sou. Ry. Co. v. Road Imp. Dist., 256 U. S. 658, 661, 41 S. Ct. 604, 65 L. Ed. 1151.

█ Counsel for the drainage district urge that, if the assessment was excessive, the trial court should have found and determined the proper amount to be assessed against the railway company's property. In a similar case, in Road Imp. Dist. No. 1 v. Mo. Pac. Ry. Co., 274 U. S. 188, 47 S. Ct. 563, 71 L. Ed. 992, the Supreme Court held that the court should not determine and fix such an assessment, but that it should be left to the statutory commission. We construe the decree, in the instant case, as not to preclude the making of a lawful assessment against the railway company.

The decree is affirmed with costs.