SMITH BROTHERS, INC., a Corporation, *Appellant,* v. W. A. WILLIAMS, et al., *Appellees.*

En Banc.

Opinion filed August 6, 1930.

*Sutton, Tillman & Reeves, Frank P. Ingram* and *Edwin Brobston,* for Appellants;

*Mabry, Reaves & White* and *H. D. Wentworth* and *W. F. Hines,* for Appellees;

*Henry E. Williams, C. W. Lawrence, Jr., Lucien H. Boggs, Herbert S. Phillips,* and *Shackleford, Ivy, Farrior & Shannon,* as *Amici Curiae.*

PER CURIAM.—Upon rehearing Mr. Chief Justice TER-RELL, Mr. Justice WHITFIELD and Mr. Justice STRUM are of opinion that the decree in this cause should be reversed, while Mr. Justice ELLIS, Mr. Justice BUFORD and Mr. Justice BROWN are of opinion that the decree should be affirmed. When the members of the Supreme Court, sitting six members in a body, and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the circuit court in this cause be and the same is hereby affirmed.

Affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

WHITFIELD, J.—Where legislation is invalid because in its enactment or in its terms it violates organic law, such *invalid legislation* may not be rendered valid by a subsequent legislative act. State ex rel. Nuveen v. Greer, 88 Fla. 249, text 271, 102 So. R. 739. If the validating act violates the Constitution it is inoperative. Town of Enterprise v. State, 29 Fla. 128, 10 So. R. 740. See also City of Orlando v. Giles, 51 Fla. 422, 40 So. R. 834; Weinberger v. Board, 93 Fla. 470, 112 So. R. 253. But a statute may validate illegal or unauthorized administrative assessments or other

administrative acts done under an illegal or inoperative statute, provided the assessment or other act is within the power of the legislature to do itself as by a duly enacted statute, and the illegal administrative act could have been directly done by statute when it was done and when the validating statute was enacted. See Sudberry v. Graves, 83 Ark. 344, 103 So. W. R. 728; State v. Fla. In. Nav. Dist., 97 Fla. 839, 122 So. R. 249; C. H. & N. R. Co. v. Willis, 260 U. S. 8; Peterson v. Town of Davenport, 90 Fla. 71, 105 So. R. 265.

In Horton v. Kyle, 81 Fla. 274, 288, 88 So. R. 757, the subsequent statute was held to be inoperative on the theory that it was an attempt to validate the prior invalid enactment relating to administrative special assessments. The dissenting opinion in Horton v. Kyle contains a copy of the validating act, in support of the view that the subsequent statute did not attempt to validate the invalid legislation, but ratified and confirmed the administrative action taken under the prior act, thereby making a permissible direct statutory assessment in a drainage district, the reference to the prior invalid enactment being the means of identifying the administrative ''assessments made and the taxes levied'' that were ''invalidated, ratified, approved and confirmed.'' See Sudberry v. Graves, 83 Ark. 344, 103 So. W. R. 728, quoted from in the main opinion in Horton v. Kyle, *supra*. See also Davies v. Chicot County Drainage Dist., 112 Ark. 357, 166 So. W. R. 170; Thompson v. Mitchell, 133 Iowa 527, 110 N. W. R. 901; State ex rel. Latimer v. Henry, 28 Wash. 38, 68 Pac. R. 368; State ex rel. v. Board of Com'rs of Pacific County, 48 Wash. 230, 93 Pac. R. 326.

It was competent for the legislature to authorize special assessments for public road improvements to be made by the means stated in Chapter 10145, Acts of 1925, provided the statute required appropriate notice and an opportunity

to be heard, to be given to the property owners affected by the special assessments, so as to comply with the requirements of due process of law under the organic law. Browning v. Hooper, 269 U. S. 396, 46 Sup. Ct. R. 141, 70 L. Ed. 330; Fallbrook Irrigation Dist. v. Bradley, 164 U. S. 112, 17 Sup. Ct. R. 56, 41 L. Ed. 369. Chapter 10145 failed to provide for the necessary notice and hearing before the special assessments became effective, and for this reason the act is held to be inoperative. While such a special assessment cannot be imposed by individual petitioners unless appropriate notice and opportunity to be heard be given to owners of the property so specially assessed, to afford due process of law, yet the legislature by statute may make such a special assessment without giving notice or opportunity to be heard; and the validating act, Chapter 12208, Acts 1927, does not purport to validate Chapter 10145; but by Chapter 12208, the special assessments were validated, ratified and confirmed, which in effect made them statutory assessments, Road Imp. Dist. No. 1 v. P. R. Co., 274 U. S. 188, 47 Sup. Ct. R. 563, 71 L. Ed. 992. See also State ex rel. v. Bass, 96 Fla. 478, 118 So. R. 212.

TERRELL, C. J., AND STRUM, J., concur.

ELLIS, BROWN AND BUFORD, J. J., dissent.

BROWN, J., dissents for reasons stated in previous opinion.

BUFORD, J.—My view is that although a district created and assessments made to provide funds to pay for improvements in such districts under the provisions of Chapter 10145 might be adopted and confirmed by appropriate subsequent legislation, yet I think that the provisions of Chapter 12208 (which must be construed as a special and local act) fails to accomplish that purpose because of the inadequacy of its language.

Strum, J.—I concur in the opinion prepared by Mr. Justice Whitfield on rehearing.

In Horton v. Kyle, 81 Fla. 274, 88 So. R. 757, the original Act was void *ab initio* because it was a special or local law and notice of intention to apply for its passage, as mandatorily commanded by the Constitution, had not been given. Therefore, the Act never came into existence for any purpose. It was utterly non-existent. It was held that no administrative assessments could be made "pursuant" to a law that never had any existence, consequently the purported assessments were equally as non-existent as the statute and could not be brought into existence by a subsequent Act which purported to ratify something which in legal contemplation had never been undertaken. This holding led to the inevitable conclusion that the assessments there involved could not be validated by a subsequent Act which purported only to "ratify" previous action upon the supposition that such action was merely irregular, when in law such action was never taken. The specific holding as set forth in the third headnote is: "It is not competent for the Legislature, by subsequent proceedings, to validate an act that never passed in the Legislature in accordance with the requirements of the Constitution."

There is to me a clear distinction between that situation and the one here presented. Here the original Act under which the attempted assessments were made was validly passed and became a law. Amongst other things, it purported to authorize the making of special assessments by a subordinate board. But the method prescribed for making the assessments, when executed by a surbordinate board acting under delegated authority, which was the method actually followed in this case, constitutes a denial of due process because no notice or opportunity to be

heard in opposition to the assessment is afforded prior to the time the assessment becomes a lien. Besides that, the Act purported to delegate the taxing power to individuals. Hence, the assessments as originally made by the subordinate board are void.

But the legislature itself, acting plenarily and of its own motion, could have made such assessments in the manner prescribed in this Act, without notice and upon its own determination of special benefits. In that action by the Legislature there would have been no denial of due process, nor of equal protection. Any other constitutional right thus invaded, as for instance if the assessment so made in fact exceeded the special benefits and thus amounted to confiscation, could be judicially redressed at the instance of an affected taxpayer. Spencer v. Merchant, 125 U. S. 345; 31 L. Ed. 763; Wagner v. Leser, 239 U. S. 207; 60 L. Ed. 230. At the time the validating Act here involved was passed, the Legislature could still have made these assessments directly in the manner just mentioned.

The effect of the validating Act in this case, which merely ''ratified and confirmed'' the void administrative assessments, was that the Legislature thereby made the former administrative acts its own acts, which it had the power to do, and which acts would have been valid originally, and to them there would have been no constitutional objection, if they had been plenarily done by the Legislature itself instead of through the agency of a subordinate body which can act only after notice and an opportunity to the property owner to be heard. In making the attempted assessments here involved, the subordinate board did not act without power, or without ''jurisdiction.'' It was the method prescribed for and followed by the

subordinate board in exercising the power that was fatal to the board's acts.

The difference is that in the case of the statute involved in Horton v. Kyle, the statute had never come into existence and the Legislature itself could not bring it into existence, nor any acts done under its purported authority, by a mere "validation". There was nothing for the Legislature to ratify or validate because in legal contemplation the validating act was the genesis of the entire matter. There was nothing preceding it upon which it could operate, and it was beyond the power of the Legislature to bring into existence the attempted original statute or anything done under it. As it was there expressed, the Legislature could not breathe life into a corpse. In this case, the assessments as made were beyond the power of the subordinate body, but not beyond the power of the Legislature. The Legislature therefore may vivify those administrative acts which were done under an existent statute, and which were void by reason only of the *modus operandi* by which they were performed, by making those acts its own acts by "ratifying and confirming" them, the Legislature at all times having the power to impose such special assessments directly and without reference to notice. The effect of such action is to impose a legislative assessment by adopting as its own act what had been done in an invalid manner by a subordinate board but under an existent statute which purported to authorize the action; such action being invalid only because done through a subordinate agency instead of by the Legislature directly. The invalidating infirmities which were fatal to the assessments when made by a subordinate board do not apply to plenary action by the Legislature. While such legislative action vivifies an act which is void *pro tempore,* it is *not* an attempt to put life into something which the

Legislature itself could not bring into existence, as was the case in Horton v. Kyle. The fatal objection there was that the original Act under which the subordinate board attempted to act was void and could not be brought into existence even by the Legislature itself. In other words, in Horton v. Kyle, there was no substructure upon which to base a future validating Act. Here the foundation exists, but the superstructure as originally ·erected by the subordinate board was fatally infirm and fell of its own weight. But the Legislature, acting within its legitimate powers, has restored the superstructure by its own hand. Spencer v. Merchant, 125 U. S. 345; 31 L. Ed. 763; In re: Van Antwerp, 56 N. Y. 261; Sudberry v. Graves, 103 N. W. R. 728; Cranor v. Volusia County, 54 Fla. 525, 45 So. R. 455; 19 C. J. 736.

I think the former judgment of reversal should stand.

WHITFIELD, J., concurs.