## CAROLINA & N. W. RY. CO. v. TOWN OF CLOVER, S. C., et al.

### No. 3037.

Circuit Court of Appeals, Fourth Circuit.

Jan. 13, 1931.

---

See, also, 34 F.(2d) 480.

John B. Hyde, of Washington, D. C. (S. R. Prince, of Washington, D. C., Frank G. Tompkins, of Columbia, S. C., and J. E. McDonald, Jr., of Winnsboro, S. C., on the brief), for appellant.

John R. Hart, of York, S. C. (Hart & Moss, of York, S. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge.

This was an action instituted in the court below by the plaintiff, the Carolina & Northwestern Railway Company, to recover of the defendant the town of Clover, S. C., certain paving assessments paid under protest. The jurisdiction of the court was invoked on the ground of diversity of citizenship and also because it was claimed that the assessments in question had been levied in contravention of the due process and equal protection clauses of the Fourteenth Amendment and unduly burdened interstate commerce. Jurisdiction was challenged by the defendant, but was sustained on both grounds mentioned; and a trial on the merits was had. The court excluded evidence offered by plaintiff for the purpose of showing that the assessments were unreasonable and confiscatory, that they unjustly discriminated between plaintiff and other abutting property owners, and that they would hamper plaintiff in discharging its duties as an interstate carrier. The court sustained the assessment because made in application of the "front foot" rule, and directed verdict for defendant; and, from judgment thereon, the plaintiff has appealed.

Plaintiff operates a line of railway 133 miles in length between Chester, S. C., and Edgemont, N. C. The town of Clover is a small town built along its line, which runs north and south for a distance of 5,370.8 feet through the town limits. Its right of way consists of a narrow strip having an average width of 24 feet, approximately 14 feet of which lies east and approximately 10 feet west of the center of its track. On either side of its right of way and extending parallel therewith are streets or roadways, the one

on the west constituting the principal street of the town. This street is a part of state highway No. 16; and about the year 1925 the state highway commission paved it as a state highway for a width of 18 feet. The town of Clover thereupon passed an ordinance under section 4506 of the Code of South Carolina of 1922, vol. 3, directing that it be paved for its full width of 34 feet and that one-half of the cost of the additional paving be taxed against the owners of abutting property. One-half of this cost, or the sum of $5,415.27, was assessed against plaintiff as the owner of the right of way on the east side of the street. The other one-half was assessed against the business and residential property on the west side, which had an average depth of 150 feet. In like manner a strip 79.6 feet was paved on the street east of the track, and half the cost thereof was assessed against abutting property; $208.83 being assessed against the right of way of plaintiff. In addition to this, plaintiff was assessed for paving laid on the street east of its right of way opposite its depot, but has paid this assessment without protest.

On the trial, plaintiff offered evidence tending to show that the property west of the paved street, against which there was assessed the same amount as was assessed against the property of plaintiff, has an area fifteen times as great as that of its property west of the center of its track and a value, considered apart from the particular use to which it was put at the time, eighteen times as great; that the property east of the paved street on the east of the right of way has an area six times as great and a value eighteen times as great as its property opposite thereto; that the hard-surface paving parallel to its track is of no advantage to it, but rather is a detriment, in that it aids plaintiff's competitors who transport freight and passengers by truck or automobile; that, while this paving has been of advantage to other property owners and has increased the value of their property, it has not increased the value of plaintiff's property and cannot do so; that paving is of no value to the property while used for railroad purposes and, because the property is a narrow strip of land less than 25 feet wide lying between two streets, could not be of value if the railroad should be abandoned; that the assessment for paving purposes is greater than the value at which the property is assessed for purposes of taxation and is 82.32 per cent. of the net income of plaintiff's business attributable to the town of Clover for the year in which the assessment was levied; that the

amount of the assessment was equal to 5.58 per cent. of the entire net income of the line for the year; and that such compulsory expenditure would impair the ability of the road to discharge its duty as an interstate carrier and would thus impose an unwarranted burden upon interstate commerce. This evidence was excluded, and verdict was directed for defendant, upon the theory that an assessment against the plaintiff of two-seventeenths of the total cost of the paving opposite its property could not be deemed confiscatory, that benefits to the plaintiff were to be assumed because of the general upbuilding of the country through the improvement of the public highways, and that the evidence offered was insufficient to show that the assessment made on the front foot basis, was discriminatory.

■ We agree with the judge below that the court had jurisdiction of the cause. Without passing upon the question raised as to diversity of citizenship or intending to suggest any doubt as to the correctness of his decision with regard thereto, we have no doubt that there was jurisdiction because of the claim made that the assessment was violative of the Constitution of the United States. The suit to recover the assessments paid under protest was thus one arising under the Constitution, of which the federal courts are expressly given jurisdiction. 28 USCA § 41 (1) (a); Risty v. Chicago, R. I. & P. R. Co., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641.

■ We think that the learned judge erred, however, in excluding the evidence offered by plaintiff and in directing a verdict for the defendant. It is true that the Legislature of a state may either directly or by delegation to a municipality require that the cost of a public improvement be assessed against property benefited thereby. And ordinarily, without authorizing an inquiry as to the extent of the benefit received by particular property, it may direct that the cost of the improvement of a street or highway be assessed against abutting property in accordance with the front foot rule, as in such cases it is manifestly impossible to apportion the cost in exact accord with the benefits received, and this rule as nearly approximates just apportionment as any which could be devised. Tonawanda v. Lyon, 181 U. S. 389, 21 S. Ct. 609, 45 L. Ed. 908; French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879. Furthermore, it is no objection to an assessment that the land assessed is used for railroad purposes, and, while so used, is not benefited by the improvement;

for the property must be viewed in the light of its general relations and apart from the particular use to which it is being put at the time. Louisville & N. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430, 435, 25 S. Ct. 466, 49 L. Ed. 819. If, however, an assessment as made, whether by the front foot rule or not, is plainly arbitrary or unreasonably discriminatory, it violates the due process and equal protection clauses of the Fourteenth Amendment, and will not be upheld. Road Imp. Dist. v. Mo. Pac. Ry. Co., 274 U. S. 188, 47 S. Ct. 563, 71 L. Ed. 992; Kansas City Southern Ry. Co. v. Road Imp. Dist. No. 6, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151; Gast Realty & Inv. Co. v. Schneider Granite Co., 240 U. S. 55, 58, 36 S. Ct. 254, 255, 60 L. Ed. 523. In the case last cited the rule is thus stated by Mr. Justice Holmes:

"The legislature may create taxing districts to meet the expense of local improvements, and may fix the basis of taxation without encountering the 14th Amendment unless its action is palpably arbitrary or a plain abuse. Houck v. Little River Drainage District, 239 U. S. 254, 262, 36 S. Ct. 58, 60 L. Ed. 266. The front-foot rule has been sanctioned for the cost of paving a street. In such a case it is not likely that the cost will exceed the benefit, and the law does not attempt an imaginary exactness, or go beyond the reasonable probabilities. French v. Barber Asphalt Co., 181 U. S. 324, 21 S. Ct. 625, 45 L. Ed. 879; Cass Farm Co. v. Detroit, 181 U. S. 396, 397, 21 S. Ct. 644, 45 L. Ed. 914, 915. So in the case of a square bounded by principal streets, the land might be assessed half way back from the improvement to the next street. Louisville & N. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430, 25 S. Ct. 466, 49 L. Ed. 819. But, as is implied by Houck v. Little River Drainage District, if the law is of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred, the law cannot stand against the complaint of one so taxed in fact. Martin v. District of Columbia, 205 U. S. 135, 139, 27 S. Ct. 440, 51 L. Ed. 743, 744."

The question before us is not the validity of section 4506 of the South Carolina Code, which in general terms authorizes municipalities to assess against abutting property the cost of permanent improvements made in their streets and sidewalks, nor is it questioned that under such a statute a municipality may ordinarily assess against abutting property the cost of improvements on the basis of the front foot rule, but the gravamen of plaintiff's complaint is that this particular ordinance applying the front foot rule violates the due process and equal protection clauses because of the peculiar facts of the case. It is said that the ordinance violates the due process clause because it assesses one-fourth of the cost of the paving, amounting to $5,624.10, against a narrow right of way which is not benefited by the improvement, and which, because of its dimensions and location, cannot be benefited by it, whether considered in relation to its present use or in relation to any other possible use to which it may be put, and that it violates the equal protection clause because it assesses against the property of plaintiff, which is narrow and receives no benefit, the same amount that is assessed against business and residential property which has a substantial depth and is really benefited by the improvement, thereby in effect assessing plaintiff's property for the benefit of the property of others.

Under these contentions the evidence offered by plaintiff should have been received; for the constitutionality of the ordinance is to be judged, not by a consideration of its language in vacuo, but by consideration of its effect in the situation to which it is actually applied. Yick Wo v. Hopkins, 118 U. S. 356, 373, 6 S. Ct. 1064, 30 L. Ed. 220; Martin v. District of Columbia, 205 U. S. 135, 27 S. Ct. 440, 51 L. Ed. 743; Johnson v. Rudolph, 57 App. D. C. 29, 16 F.(2d) 525, 527; Dougherty v. American Security & Trust Co., 59 App. D. C. 301, 40 F.(2d) 813; City of Commerce v. Sou. Ry. Co. (C. C. A. 5th) 35 F.(2d) 331, 333. The rule applicable in such a case was well stated by the Court of Appeals of the District of Columbia in Johnson v. Rudolph, supra. In that case, after referring to the decisions of the Supreme Court recognizing that the front foot rule may in ordinary cases be a perfectly fair method of apportioning the burden of paying for street improvements, the court said:

"It is competent, however, in cases of special assessments, arising under a general law, to inquire, not only into the matter of discrimination and inequality, but as to the approximate accord between the assessment and the benefits actually derived by the property owners from the improvement. These questions are always open in cases relating to the repaving or repair of streets, where the local authorities act under a statute conferring general discretionary power. The present law is not a legislative adjudication concerning a particular place and a particu-

lar plan, but it applies to streets, avenues, and roads generally throughout the District; it is a general prospective law. Nor are the assessments based proportionately upon an ascertained valuation of the properties, as, for example, in the case of Wight v. Davidson [181 U. S. 371, 21 S. Ct. 616, 45 L. Ed. 900], supra. Therefore, in testing the validity of this amendment, we are not dealing with an incidental benefit common to the whole community, or a legislatively determined method of assessing benefits in a particular locality, but with a general law applied to a unique situation."

Taking the evidence offered by plaintiff to be true, there can be no question that the assessments here in question were violative of the due process and equal protection clauses of the Fourteenth Amendment. The paving of the street for a mile through the little town of Clover was of no benefit to plaintiff and did not enhance in any substantial degree the utility or value of its property, whether regard be had to its present use or to its general relations and possible uses. To assess against it, under such circumstances, an amount approximately equal to its assessed value, was unquestionably unreasonable and confiscatory, and amounted to a denial of that due process of law which the Constitution guarantees. It is clear also that, to make an improvement beneficial to the property of others but not beneficial to that of plaintiff, and to assess as much of the cost of the improvement against the property of plaintiff as was assessed against that of the persons benefited, was to deny to plaintiff the equal protection of the laws. The case of City of Commerce v. Sou. Ry. Co., supra, is practically on all fours with the case at bar; and we accept what was said in that case by Judge Bryan, speaking for the Circuit Court of Appeals of the Fifth Circuit, as the law applicable here. Said he:

"Assessments for street paving according to the front foot rule have generally been upheld, because usually the cost does not exceed the benefit, and it is practically impossible to secure absolute equality in the distribution of the cost, or to prevent particular cases of hardship. [Citing cases]. But, where a particular assessment is confiscatory, or is out of all proportion to the benefit received by an abutting property owner, it violates due process clause of the Fourteenth Amendment, and is not saved by adherence to the front foot rule. [Citing cases]. In this case the company's property which was not appreciably benefited was assessed equally with property on the other side of each street which received practically all the benefits resulting from the paving. The unfairness and injustice of applying the front foot rule of assessments to the whole of the railway company's property is manifest."

See, also, Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443; Kansas City Sou. Ry. Co. v. Road Imp. Dist. No. 6, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151; Thomas v. Kansas City Sou. Ry., 261 U. S. 481, 43 S. Ct. 440, 67 L. Ed. 758; Yale Highway Dist. v. Oregon Short Line R. Co. (C. C. A. 9th) 8 F.(2d) 676, 48 A. L. R. 494; Straight Creek Drainage Dist. No. 2 v. Chicago, R. I. & P. Ry. Co. (C. C. A. 10th) 36 F.(2d) 650; Hesse-Rix Co. v. Krug, 319 Mo. 880, 6 S.W.(2d) 570.

In view of our conclusion that under the evidence offered the assessment was invalid because violative of the provisions of the Fourteenth Amendment, we deem it unnecessary to consider whether it was invalid as imposing an undue burden upon interstate commerce. See Lehigh Valley R. Co. v. Board of Public Utility Com'rs, 278 U. S. 24, 35, 49 S. Ct. 69, 73 L. Ed. 161, 62 A. L. R. 805. In excluding the evidence offered by plaintiff and directing a verdict for the defendant there was error, and the judgment appealed from will accordingly be reversed, and the case remanded for a new trial.

Reversed.